THOMAS, Judge.
Andreas Walter Mattes (“the father”) appeals from the judgment of the Baldwin *888 Circuit Court modifying his child-support obligation to Terri Ann Mattes (“the mother”) and awarding the mother past expenses, prejudgment interest, and an attorney fee. We dismiss the appeal for lack of jurisdiction.
In 1991, the father, a citizen of the Federal Republic of Germany, and the mother, a citizen of the United States, were married in Florida. Thereafter, the parties resided in Germany. Two children were born of the marriage, P.M. and J.M. (collectively referred to as “the children”).
In 2003, while the parties were still residing in Germany, the parties separated. The parties entered into a settlement agreement that was incorporated into their July 2, 2004, German divorce judgment. The agreement provided that the father would pay € 964 per month[1] to the mother as child support. The agreement also provided that the father would reimburse the mother for her actual expenses for the children’s education, medical care, and extracurricular activities. The agreement further provided that the parties had agreed that educational expenses, including private-school tuition, would total approximately € 21,000 per year and that expenses for extracurricular activities would total approximately € 3,000 per year.
In July 2003, after the parties separated, the mother and the children moved from Germany to Memphis, Tennessee. In 2005, the mother remarried and she and the children relocated to Orange Beach. The father moved to the United States in 2004; he currently resides in California.
In October 2006, the mother petitioned the Mobile Circuit Court to domesticate the parties’ foreign divorce judgment, to hold the father in contempt for failure to make certain payments as required by the divorce judgment, and to modify the amount of the father’s child-support obligation. The father was personally served with process while’ he was in Alabama visiting the children. In response to the mother’s petition, the father moved the Mobile Circuit Court to dismiss the mother’s petition for lack of personal jurisdiction or, in the alternative, to transfer the case to the Baldwin Circuit Court (“the trial court”). Based on an agreement between the parties,, the Mobile Circuit Court granted the father’s motion to transfer the case to the trial court.
The father then moved the trial court to dismiss the case, alleging that the trial court lacked personal jurisdiction over the father and that the trial court lacked subject-matter jurisdiction to enforce or modify the German divorce judgment. The father also alleged in his motion that the parties had entered into a valid antenuptial agreement that contained a provision stating that German law would control the calculation of child support and that the divorce judgment contained a provision declaring that German law would apply to the divorce. After conducting a hearing, the trial court denied the father’s motion to dismiss; it did not rule at that time on the applicability of German law to the mother’s petition.
On February 4, 2009, the father filed a motion in limine, requesting that the trial court limit the evidence offered at trial until the parties provided the trial court with the German law that was applicable to the case. The father argued that the choice-of-law provision in the antenuptial agreement and the provisions of the divorce judgment mandated the application of German law to the mother’s petition. Following a hearing, the trial court granted the father’s motion, determining that German law controlled the calculation and modification of child support. Both parties subsequently submitted to the trial *889 court affidavits from German attorneys on the relevant areas of German law.
On May 18, 2009, following a hearing, the trial court entered a judgment that increased the father’s child-support obligation to $4,000 per month, awarded the mother $13,246.78, including an award of prejudgment interest, as reimbursement for past medical expenses, awarded the mother $38,025.57, including prejudgment interest, as reimbursement for past educational expenses, and awarded the mother $16,363.47, including prejudgment interest, as reimbursement for past extracurricular-activity expenses. The judgment placed a $10,000 per year cap on future educational expenses and a $6,000 per year cap on future extracurricular-activity expenses. The trial court also awarded the mother $40,000 as an attorney fee. The father filed a postjudgment motion seeking a new trial or, in the alternative, to alter, amend, or vacate the judgment. The trial court denied the father’s motion, and the father timely appealed to this court.
The father first argues that the trial court lacked subject-matter jurisdiction over the case. The Alabama Uniform Interstate Family Support Act (“the UIF-SA”), codified at Ala.Code 1975, § 30-3A-101 et seq., governs Alabama courts’ jurisdiction over foreign child-support orders. The mother’s petition sought to modify and to enforce the German child-support order. An Alabama court may obtain jurisdiction to modify a foreign child-support order only if the requirements of § 30-3A-611 of the UIFSA have been met. Section 30-3A-611 provides:
“(a) After a child-support order issued in another state has been registered in this state, the responding court of this state may modify that order only if Section 30-3A-613 does not apply and after notice and hearing it finds that:
“(1) the following requirements are met:
“(i) the child, the individual obligee, and the obligor do not reside in the issuing state;
“(ii) a petitioner who is a nonresident of this state seeks modification; and
“(in) the respondent is subject to the personal jurisdiction of the court of this state; or
“(2) the child, or a party who is an individual, is subject to the personal jurisdiction of the court of this state and all of the parties who are individuals have filed written consents in the issuing tribunal for a court of this state to modify the support order and assume continuing, exclusive jurisdiction over the order. However, if the issuing state is a foreign jurisdiction that has not enacted a law or established procedures substantially similar to the procedures under this chapter, the consent otherwise required of an individual residing in this state is not required for the court to assume jurisdiction to modify the child-support order.
“(b) Modification of a registered child-support order is subject to the same requirements, procedures, and defenses that apply to the modification of an order issued by a court of this state and the order may be enforced and satisfied in the same manner.
“(c) A court of this state may not modify any aspect of a child-support order that may not be modified under the law of the issuing state. If two or more tribunals have issued child-support orders for the same obligor and child, the order that controls and must be so recognized under Section 30-3A-207 establishes the aspects of the support order which are nonmodifiable.
“(d) On issuance of an order modifying a child-support order issued in an *890 other state, a court of this state becomes the court having continuing, exclusive jurisdiction.”
In this case, the mother, a resident of Alabama, sought to modify the' child-support obligation of the father, a resident of California. Because the mother, who is the petitioner,, is a resident of Alabama, the requirement of § 30-3A-611(a)(l)(ii) that the petitioner not be a resident of this state has not been met. The Official Comment to § 30-3A-611 states that when the issuing state has lost continuing, exclusive jurisdiction over the child-support order
“the obligee may seek modification in the obligor’s state of residence, or ... the obligor may seek a modification in the obligee’s state of residence. This restriction attempts to achieve a rough justice between the parties in the majority of cases by preventing a litigant from choosing to seek modification in a local tribunal to the marked disadvantage of the other party. For example, an obli-gor visiting the children at the residence of the obligee cannot be validly served with' citation accompanied by a motion to modify the support order. Even though such personal service of the obligor in the obligee’s home state is consistent with the jurisdictional requisites of Burnham v. Superior Court, 495 U.S. 604 (1990), the motion to modify does not fulfill the requirement of being brought by ⅛ [petitioner] who is a nonresident of this State.... ’ In short, the obligee is required to register the existing order and seek modification of that order in a state which has personal jurisdiction over the obligor other than the state of the obligee’s residence. Most typically this will be the state of residence of the obligor.”
Thus, under the UIFSA, the mother was required to bring her action to modify the father’s child-support obligation in a state other than Alabama that could properly exercise personal jurisdiction over the father. Therefore, because the requirements of § 30-3A-611 were not met, the trial court did not have subject-matter jurisdiction over the mother’s petition to modify the father’s child-support obligation.
The mother also petitioned the trial court for a rule nisi, seeking to enforce the German child-support order. A party seeking to enforce a foreign child-support order must register the foreign child-support order according to the requirements of § 30-3A-602 of the UIFSA, which provides:
“(a) A support order or income-withholding order of another state may be registered in this state by sending the following documents and information to the appropriate court in this state:
“(1) a letter of transmittal to the court requesting registration and enforcement;
“(2) two copies-, including one certified copy, of all orders to be registered, including any modification of an order;
“(3) a sworn statement by the party seeking registration or a certified statement by the tribunal or collection agency showing the amount of any arrearage;
“(4) the name of the obligor and, if known:
“(i) the obligor’s address and social security number;
“(ii) the name and address of the obligor’s employer and any other source of income of the obligor; and
“(iii) a description and the location of property of the obligor in this state not exempt from execution; and
, “(5) the name and address of the obligee and, if applicable, the agency *891 or person to whom support payments are to be remitted.
(b) On receipt of a request for registration, the registering court shall cause the order to be filed as a foreign judgment, together with one copy of the documents and information, regardless of their form.
(c) A petition or comparable pleading seeking a remedy that must be affirmatively sought under other law of this state may be filed at the same time as the request for registration or later. The pleading must specify the grounds for the remedy sought.”
In this case, the mother did not follow the statutory requirement to file two copies, one of them certified, of the child-support order with the clerk of the trial court. Because the mother did not meet the statutory requirements of § 30-3A-602, the trial court never obtained subject-matter jurisdiction over the foreign child-support order. Thus, the trial could not enforce the foreign child-support order. See S.A.T. v. E.D., 972 So.2d 804, 807 (Ala.Civ.App.2007) (holding that a court lacks subject-matter jurisdiction to enforce an unregistered foreign child-support order).
Because the trial court did not have subject-matter jurisdiction to enforce or to modify the foreign child-support order, the trial court’s judgment is void. Gulf Beach Hotel, Inc. v. State ex rel. Whetstone, 936 So.2d 1177, 1183 (Ala.2006). A void judgment will not support an appeal. Id. “[A]n appellate court must dismiss an attempted appeal from such a void judgment.” Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008). Therefore, we dismiss the father’s appeal and instruct the trial court to vacate its May 18, 2009, judgment.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. At the time of trial, e964 equaled approximately $1,214.