BRYAN, Judge.
David Scott Owens (“the former husband”) appeals from a judgment of the Jefferson Circuit Court (“the trial court”) that found him in contempt for failure to pay child support to Vasaliki Michelle Owens (Parker) (“the former wife”). We dismiss the appeal.
The parties were divorced in Okaloosa County, Florida, in 1987. Pursuant to the divorce judgment, the former wife was awarded custody of the parties’ minor child and the former husband was ordered to pay child support in the amount of $200 each month (the child-support order within the Florida divorce judgment will hereinafter be referred to as “the foreign child-support order”). The former husband subsequently moved to Jefferson County, Alabama. On July 17, 2007, the former wife filed a petition for a rule nisi and a motion to enroll and enforce the foreign child-support order in the trial court. In her petition, the former wife alleged that the former husband had failed to timely pay child support as ordered in the foreign child-support order, and the former wife sought a judgment finding the former husband in civil and criminal contempt, as well as an award of attorney’s fees. The former husband answered the former wife’s petition on August 14, 2007, with a general denial of every allegation contained in the former wife’s petition.
On January 22, 2008, the former husband filed a motion to dismiss the former wife’s petition for a rule nisi alleging that the trial court lacked subject-matter jurisdiction to hear the former wife’s petition. After a hearing on the former husband’s motion to dismiss, the trial court denied the motion. On March 17, 2008, the former wife filed an amended motion to enroll and enforce the foreign child-support order. On October 9, 2008, the trial court granted the former wife’s motion to enroll *366 and enforce the foreign child-support order.
After several continuances, the trial court conducted an ore tenus hearing on the former wife’s petition for a rule nisi on July 27, 2009. The trial court entered a judgment on August 19, 2009, that found the former husband in criminal and civil contempt, and the trial court sentenced the former husband to 905 days’ imprisonment unless he complied with the terms set forth in the trial court’s judgment. The trial court awarded the former wife a judgment for unpaid interest on the former husband’s child-support arrearage and ordered the former husband to pay the former wife’s attorney’s fees. The former husband timely appealed.
On appeal, the former husband raises eight issues for review by this court; however, we find the first issue, whether the trial court had subject-matter jurisdiction over the proceedings, dispositive of the appeal.[1]
The jurisdiction of an Alabama court to enforce a foreign child-support order is governed by the Alabama Uniform Interstate Family Support Act (“the UIFSA”), codified at § 30-3A-101 et seq., Ala.Code 1975. Because the former wife sought to enforce the provisions of the foreign child-support order, she was required to register the foreign child-support order according to the requirements set forth in § 30-3A-602, Ala.Code 1975. That section provides:
“(a) A support order or income-withholding order of another state may be registered in this state by sending the following documents and information to the appropriate court in this state:
“(1) a letter of transmittal to the court requesting registration and enforcement;
“(2) two copies, including one certified copy, of all orders to be registered, including any modification of an order;
“(3) a sworn statement by the party seeking registration or a certified statement by the tribunal or collection agency showing the amount of any arrearage;
“(4) the name of the obligor and, if known:
“(i) the obligor’s address and social security number;
“(ii) the name and address of the obligor’s employer and any other source of income of the obligor; and
“(iii) a description and the location of property of the obligor in this state not exempt from execution; and
“(5) the name and address of the obli-gee and, if applicable, the agency or person to whom support payments are to be remitted.
“(b) On receipt of a request for registration, the registering court shall cause the order to be filed as a foreign judgment, together with one copy of the documents and information, regardless of their form.
“(c) A petition or comparable pleading seeking a remedy that must be affirmatively sought under other law of this state may be filed at the same time as the request for registration or later. The pleading must specify the grounds for the remedy sought.”
In this case, the former wife did not file two copies of the foreign child- *367 support order with the clerk of the trial court. The former wife also did not file a sworn statement showing the amount of any arrearage owed by the former husband, nor did the former wife file a certified statement by a tribunal or collection agency in the State of Florida showing the amount of any arrearage owed by the former husband.[2]
In Mattes v. Mattes, [Ms. 2081122, March 12, 2010] — So.3d -, - (Ala.Civ.App.2010), the mother sought to modify and enforce a foreign child-support-order, but she did not file two copies of the child-support order, one of them certified, with the clerk of the trial court. In that case, we concluded that the mother had not met the statutory requirements of § 30-3A-602 and that, as a result, the trial court had never obtained subject-matter jurisdiction to enforce the foreign child-support order. Id. Because the trial court lacked subject-matter jurisdiction to enforce the foreign child-support order, the judgment was void and we dismissed the appeal. Id.
Because the former wife in this case also did not meet the statutory requirements of § 30-3A-602, we must conclude that the trial court never obtained subject-matter jurisdiction to enforce the foreign child-support order. “Judgments entered without subject-matter jurisdiction can ‘be set aside at any time as void....”’ Alves v. Board of Educ. of Guntersville, 922 So.2d 129, 134 (Ala.Civ.App.2005) (quoting International Longshoremen’s Ass’n v. Davis, 470 So.2d 1215, 1217 (Ala.1985)). This court is required to dismiss an appeal from a void judgment. Mattes v. Mattes, — So.3d - (quoting Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008)) (“ ‘[A]n appellate court must dismiss an attempted appeal from ... a void judgment.’”). Therefore, we dismiss the former wife’s appeal and instruct the trial court to vacate its August 19, 2009, judgment.
The former wife’s request for an award of attorney’s fees on appeal is denied.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. We therefore pretermit discussion of the former husband's remaining issues presented on appeal.

. The former wife, in her amended motion to enroll and enforce the foreign child-support order, included a calculation of the former husband’s arrearage and interest that she alleged was due under the foreign child-support order, but the motion was not sworn or otherwise verified in any manner.