65 So.3d 953 (2010)
Ex parte David Scott OWENS.
(In re Vasaliki Michelle Owens (Parker) v. David Scott Owens).
2090899.
Court of Civil Appeals of Alabama.
December 17, 2010.
Ronald O. Gaiser, Jr., of Gaiser & Johnston, Birmingham, for petitioner.
Candace B. Peeples of Shaw, Anderson & Peeples, LLC, Birmingham, for respondent.
PER CURIAM.
David Scott Owens ("the former husband") petitions this court for a writ of mandamus directing the Jefferson Circuit Court ("the trial court") to dismiss the underlying action filed by Vasaliki Michelle Owens (Parker) ("the former wife") for lack of subject-matter jurisdiction. For the reasons set forth below, we grant the writ.
*954 This is the second time these parties have appeared before this court. In Owens v. Owens, 51 So.3d 364 (Ala.Civ.App. 2010), the former husband appealed a judgment finding him in criminal and civil contempt for failure to pay child support. That judgment stemmed from a petition for a rule nisi filed by the former wife who sought to enforce a foreign child-support order. 51 So.3d at 365. We dismissed the former husband's appeal after concluding that "the trial court never obtained subject-matter jurisdiction to enforce the foreign child-support order" because the former wife had failed to meet the statutory requirements of § 30-3A-602, Ala.Code 1975, part of the Alabama Uniform Interstate Family Support Act, codified at § 30-3A-101 et seq., Ala.Code 1975, which sets forth the specific procedure for registering a foreign child-support order for enforcement by an Alabama court. 51 So.3d at 367. Because the trial court had not obtained subject-matter jurisdiction over the former wife's enforcement action, we held that the judgment was void. 51 So.3d at 367. We therefore dismissed the former husband's appeal with instructions to the trial court to vacate its judgment. 51 So.3d at 367. See also Mattes v. Mattes, 60 So.3d 887 (Ala.Civ.App.2010) (in which this court dismissed the appeal with instructions to vacate the judgment after we concluded that the trial court never obtained subject-matter jurisdiction to enforce a foreign child-support judgment because the mother had failed to meet the statutory requirements of § 30-3A-602).
On June 18, 2010, pursuant to this court's instructions, the trial court entered an order vacating the judgment finding the former husband in criminal and civil contempt. On June 21, 2010, the former husband filed a motion to amend the trial court's June 18, 2010, order, requesting that the trial court include an order dismissing the action for lack of subject-matter jurisdiction. The trial court scheduled a hearing on the former husband's motion to be conducted on August 4, 2010.
Also on June 21, 2010, the former wife filed a motion for leave to amend her pleadings pursuant to Rule 15(b), Ala. R. Civ. P., in order to comply with § 30-3A-602. The trial court granted the former wife's motion to amend her pleadings on June 21, 2010. The same day, the former wife filed a "letter of transmittal," which was filed as notice of the former wife's motion to enroll a foreign judgment. The former wife included two certified copies of two the foreign child-support judgments that she sought to enforce.[1]
On June 22, 2010, the former husband filed an objection to the trial court's June 21, 2010, order, a motion to vacate the June 21, 2010, order, and a motion to dismiss the action for lack of subject-matter jurisdiction. On June 23, 2010, the trial court scheduled a hearing on the former husband's motion to vacate to be conducted on August 4, 2010. Also on June 23, 2010, the former wife filed a second amended motion to enroll and enforce a foreign judgment and an amended verified petition for a rule nisi. The record indicates that the former husband filed this petition for a writ of mandamus on June 25, 2010.
In his petition, the former husband argues that the trial court erred by failing to dismiss the underlying action seeking a petition for a rule nisi on June 18, 2010, *955 because this court had determined that the trial court never obtained subject-matter jurisdiction to enforce the foreign judgment. Thus, he argues, the trial court did not have power to take any action other than to dismiss the former wife's action seeking a petition for a rule nisi.
"This Court has consistently held that the writ of mandamus is an extraordinary and drastic writ and that a party seeking such a writ must meet certain criteria. We will issue the writ of mandamus only when (1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked. Ex parte Mercury Fin. Corp., 715 So.2d 196, 198 (Ala. 1997). Because mandamus is an extraordinary remedy, the standard by which this Court reviews a petition for the writ of mandamus is to determine whether the trial court has clearly abused its discretion. See Ex parte Rudolph, 515 So.2d 704, 706 (Ala.1987)."
Ex parte Flint Constr. Co., 775 So.2d 805, 808 (Ala.2000). Our supreme court has held that "[t]he question of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus." Ex parte Liberty Nat'l Life Ins. Co., 888 So.2d 478, 480 (Ala.2003) (citing Ex parte Flint Constr. Co., supra).
In support of his petition, the former husband cites cases in which the Alabama Supreme Court determined that a trial court lacked subject-matter jurisdiction because the plaintiffs lacked standing to commence the underlying action. See Cadle Company v. Shabani, 4 So.3d 460 (Ala. 2008) ("Cadle II"); and State v. Property at 2018 Rainbow Drive, 740 So.2d 1025 (Ala.1999). In each of those cases, because the plaintiff failed to invoke the subject-matter jurisdiction of the trial court, the supreme court held that the trial court did not have jurisdiction to allow the plaintiff to amend its pleadings because the trial court did not have jurisdiction to do anything but dismiss the case. Cadle II, 4 So.3d at 463; Rainbow Drive, 740 So.2d at 1029.
In Cadle Co. v. Shabani, 950 So.2d 277, 279-80 (Ala.2006) ("Cadle I"), the supreme court determined that Cadle Company ("Cadle") lacked standing to maintain the underlying ejectment action and, therefore, that the trial court did not have subject-matter jurisdiction over the ejectment action. The supreme court concluded that the appeal was due to be dismissed and that the underlying judgment was due to be vacated. Id. at 280. Despite the supreme court's holding that the trial court did not have subject-matter jurisdiction over the ejectment action, litigation proceeded on remand to the trial court, and the trial court permitted Cadle to amend its complaint. Cadle II, 4 So.3d at 462. The trial court subsequently entered summary judgment in favor of the defendants. Id. On appeal of that judgment, the supreme court stated that it was "clear that all the parties, as well as the trial court, ha[d] failed to understand the import of [the supreme court's] determination in [Cadle I] that subject-matter jurisdiction is lacking." Id. The supreme court then pointed out that Cadle's amended pleadings did not cure the trial court's lack of subject-matter jurisdiction because the trial court had never acquired subject-matter jurisdiction over the proceeding. Id. at 463 (citing Rainbow Drive, 740 So.2d at 1028). The supreme court concluded that, upon the issuance of its decision in Cadle I, "the trial court was duty bound to dismiss th[e] action." Id. That court stated:
"When the absence of subject-matter jurisdiction is noticed by, or pointed out to, the trial court, that court has no jurisdiction to entertain further motions or pleadings in the case. It can do *956 nothing but dismiss the action forthwith. `"Any other action taken by a court lacking subject-matter jurisdiction is null and void."' Rainbow Drive, 740 So.2d at 1029 (quoting Beach v. Director of Revenue, 934 S.W.2d 315, 318 (Mo.Ct. App.1996))."
Id.
Similarly, in Alabama Department of Corrections v. Montgomery County Commission, 11 So.3d 189 (Ala.2008), the Alabama Supreme Court held that the Montgomery Circuit Court did not have subject-matter jurisdiction to allow the Montgomery County Commission ("the Commission") to amend its initial complaint, which had listed only the Alabama Department of Corrections ("the DOC") as a defendant, to add the commissioner of the DOC in his official capacity as a defendant. In doing so, the supreme court stated, in pertinent part:
"`"[I]n Ex parte Blankenship, 893 So.2d 303, 306-07 (Ala.2004), this Court held that, if a trial court lacks subject-matter jurisdiction, it has no power to take any action other than to dismiss the complaint. A trial court lacks subject-matter jurisdiction if the defendant is immune under the doctrine of sovereign immunity. Larkins [v. Department of Mental Health & Mental Retardation, 806 So.2d [358,] 364 (Ala. 2001)] (`"Article I, § 14, of the Alabama Constitution of 1901 thus removes subject-matter jurisdiction from the courts when an action is determined to be one against the State."' (quoting [Alabama State Docks Terminal Ry. v.] Lyles, 797 So.2d [432,] 435 [(Ala.2001)])). Thus, this Court cannot order the trial court to allow Good Hope to amend its complaint because the trial court lacks subject-matter jurisdiction."
"`[Ex parte Alabama Dep't of Transp. (In re] Good Hope [Contracting Co. v. Alabama Dep't of Transp.)], 978 So.2d [17,] 26 [(Ala.2007) ("Good Hope")] (emphasis added). Accord Ex parte Alabama Dep't of Transp., 990 So.2d 366 (Ala.2008).'
"[Ex parte Alabama Dep't of Transp. (In re] Russell [Petroleum, Inc. v. Alabama Dep't of Transp.)], 6 So.3d [1126,] 1128 [(Ala.2008) (`Russell')].
"Russell and Good Hope control this case. The Commission's original complaint named only the DOC as a defendant. Because the DOC is a State agency, it is, under § 14, absolutely immune from suit. Because the original complaint named only a party that has absolute State immunity, it failed to trigger the subject-matter jurisdiction of the circuit court. Consequently, it was a nullity. The purported amendment of a nullity is also a nullity. See Porter v. Commonwealth, 276 Va. 203, 228, 661 S.E.2d 415, 427 (2008) (`A defect in subject matter jurisdiction cannot be cured by reissuance of process, passage of time, or pleading amendment.'). Because the circuit court never acquired subject-matter jurisdiction over this action, its orders and judgments are void, including the judgment that is the subject of this appeal."
Id. at 193.
Because the former wife failed to properly register the foreign child-support order pursuant to § 30-3A-602, her petition for a rule nisi, which sought to enforce that foreign child-support order, failed to trigger the subject-matter jurisdiction of the trial court. See id. If the former wife's petition did not invoke the subject-matter jurisdiction of the trial court, we must conclude that the original petition was a nullity, that the purported amendment of that petition was also a nullity, and that *957 the trial court did not have jurisdiction to do anything other than "dismiss the action forthwith." Cadle II, 4 So.3d at 463; see also Alabama Dep't of Corr., supra. Therefore, we conclude that the trial court exceeded its discretion by allowing the former wife to amend her pleadings in an attempt to comply with § 30-3A-602 and by failing to dismiss the action for lack of subject-matter jurisdiction.
Accordingly, we conclude that the former husband has demonstrated that he has a clear legal right to the relief sought, that the trial court failed to dismiss the action as it was required to do, that the he has no other adequate remedy other than the issuance of the writ of mandamus, and that this court's jurisdiction was properly invoked by the former husband. Therefore, we conclude that the former husband's petition for a writ of mandamus is due to be granted, and we order the trial court to dismiss the action filed by the former wife.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
BRYAN, J., dissents, with writing, which THOMAS, J., joins.
BRYAN, Judge, dissenting.
Because I do not agree that the petition for a rule nisi filed by Vasaliki Michelle Owens (Parker) ("the former wife") in the Jefferson Circuit Court ("the trial court") was void ab initio because she failed to comply with § 30-3A-602, Ala.Code 1975, I respectfully dissent from the main opinion.
The authorities cited by David Scott Owens ("the former husband") in support of his petition for a writ of mandamus are cases in which circuit courts lacked subject-matter jurisdiction because either the plaintiffs lacked standing to commence the underlying actions or because the plaintiff's complaint purported to assert an action against the State of Alabama in violation of the doctrine of sovereign immunity. See Cadle Co. v. Shabani, 4 So.3d 460 (Ala.2008); State v. Property at 2018 Rainbow Drive, 740 So.2d 1025 (Ala.1999); and Ex parte Blankenship, 893 So.2d 303 (Ala.2004). I find those cases distinguishable from the present action because, in those cases, the trial courts never acquired subject-matter jurisdiction over the underlying actions filed by the plaintiffs. Therefore, in those case, the Alabama Supreme Court held that the trial courts did not have jurisdiction to allow the plaintiffs to amend their pleadings because the trial courts did not have jurisdiction to do anything but dismiss the cases. Cadle, 4 So.3d at 462-63; Rainbow Drive, 740 So.2d at 1028-29; and Blankenship, 893 So.2d at 306-07.
In Owens v. Owens, 51 So.3d 364 (Ala. Civ.App.2010), we held that the trial court never obtained subject-matter jurisdiction to enforce the foreign child-support order because the former wife failed to properly register the foreign child-support order with the trial court. However, the former wife's failure to properly register the foreign child-support order does not make the entire action void ab initio. The trial court, a circuit court, generally has subject-matter jurisdiction to entertain a petition for a rule nisi in a postdivorce proceeding. See Ala. Const. 1901, Art. IV, § 142(b) (Off.Recomp.) ("The circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law."). At the time the former wife filed her petition for a rule nisi, the trial court had jurisdiction over the underlying action, but it was without jurisdiction to enforce the foreign child-support order because it had not been properly registered pursuant to § 30-3A-602. See Mattes v. Mattes, 60 So.3d 887 (Ala.Civ.App.2010) (in *958 which this court concluded that the trial court could not enforce a foreign child-support order because it never obtained subject-matter jurisdiction over the foreign child-support order, and that the trial court could not modify the foreign child-support order because it did not have subject-matter jurisdiction over the mother's petition to modify the father's child-support obligation).
"A writ of mandamus is an extraordinary remedy that is available when a trial court has exceeded its discretion." Ex parte Antonucci, 917 So.2d 825, 830 (Ala. 2005). This court may issue a writ of mandamus only when the petitioner is able to demonstrate "' (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.'" Id. (quoting Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001)).
Because I cannot conclude that the former husband has demonstrated that he had a clear legal right to an order requiring the trial court to dismiss the underlying action, i.e., the action on the former wife's petition for a rule nisi, for lack of subject-matter jurisdiction, I would deny the former husband's petition for a writ of mandamus.
THOMAS, J., concurs.
NOTES
[1] The former wife included two certified copies of the parties foreign divorce judgment setting the former husband's child-support obligation. In addition, she also included two certified copies of a foreign contempt judgment that held the former husband in contempt for failing to pay his child-support obligation. In her initial pleadings, the former wife failed to properly register either of these foreign child-support judgments.