BRYAN, Judge,
dissenting.
Because I do not agree that the petition for a rule nisi filed by Vasaliki Michelle Owens (Parker) (“the former wife”) in the Jefferson Circuit Court (“the trial court”) was void ab initio because she failed to comply with § 30-3A-602, Ala.Code 1975, I respectfully dissent from the main opinion.
The authorities cited by David Scott Owens (“the former husband”) in support of his petition for a writ of mandamus are cases in which circuit courts lacked subject-matter jurisdiction because either the plaintiffs lacked standing to commence the underlying actions or because the plaintiffs complaint purported to assert an action against the State of Alabama in violation of the doctrine of sovereign immunity. See Cadle Co. v. Shabani 4 So.3d 460 (Ala.2008); State v. Property at 2018 Rainbow Drive, 740 So.2d 1025 (Ala.1999); and Ex parte Blankenship, 893 So.2d 303 (Ala.2004). I find those cases distinguishable from the present action because, in those cases, the trial courts never acquired subject-matter jurisdiction over the underlying actions filed by the plaintiffs. Therefore, in those case, the Alabama Supreme Court held that the trial courts did not have jurisdiction to allow the plaintiffs to amend their pleadings because the trial courts did not have jurisdiction to do anything but dismiss the cases. Cadle, 4 So.3d at 462-63; Rainbow Drive, 740 So.2d at 1028-29; and Blankenship, 893 So.2d at 306-07.
In Owens v. Owens, 51 So.3d 364 (Ala. Civ.App.2010), we held that the trial court never obtained subject-matter jurisdiction to enforce the foreign child-support order because the former wife failed to properly register the foreign child-support order with the trial court. However, the former wife’s failure to properly register the foreign child-support order does not make the entire action void ab initio. The trial court, a circuit court, generally has subject-matter jurisdiction to entertain a petition for a rule nisi in a postdivorce proceeding. See Ala. Const. 1901, Art. IV, § 142(b) (Off.Recomp.) (“The circuit court shall exercise general jurisdiction in all cases except as may otherwise be provided by law.”). At the time the former wife filed her petition for a rule nisi, the trial court had jurisdiction over the underlying action, but it was without jurisdiction to enforce the foreign child-support order because it had not been properly registered pursuant to § 30-3A-602. See Mattes v. Mattes, 60 So.3d 887 (Ala.Civ.App.2010) (in *958 which this court concluded that the trial court could not enforce a foreign child-support order because it never obtained subject-matter jurisdiction over the foreign child-support order, and that the trial court could not modify the foreign child-support order because it did not have subject-matter jurisdiction over the mother’s petition to modify the father’s child-support obligation).
“A writ of mandamus is an extraordinary remedy that is available when a trial court has exceeded its discretion.” Ex parte Antonucci, 917 So.2d 825, 830 (Ala. 2005). This court may issue a writ of mandamus only when the petitioner is able to demonstrate “ ‘(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.’ ” Id. (quoting Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001)).
Because I cannot conclude that the former husband has demonstrated that he had a clear legal right to an order requiring the trial court to dismiss the underlying action, i.e., the action on the former wife’s petition for a rule nisi, for lack of subject-matter jurisdiction, I would deny the former husband’s petition for a writ of mandamus.
THOMAS, J., concurs.