THOMPSON, Presiding Judge.
R.J.R. (“the father”) appeals from a judgment of the Morgan Circuit Court (“the circuit court”) purporting to modify the judgment of a Tennessee court relating to, among other things, his visitation with D.J.R. (“the child”) and child support. For the reasons set forth herein, we dismiss the appeal with instructions to the circuit court to vacate its judgment and dismiss the action.
On January 25, 2010, C.J.S. (“the mother”) filed a petition in the Morgan Juvenile Court (“the juvenile court”) to modify a judgment (“the Tennessee judgment”) that had been entered by the Davidson County, Tennessee, Juvenile Court (“the Tennessee court”) on May 7, 2008. She attached to her petition a certified copy of the Tennessee judgment. The Tennessee judgment included the following factual background:
“[The father] is a resident of Ohio. [The mother] is a resident of Alabama. Both parties are physicians who were in medical school at the time of their dating relationship. Both parties resided in Ohio until their separation in or around May of 2005 at which time [the mother] relocated to Nashville, Tennessee. [The child] was born in Nashville, Tennessee, on June 28, 2005.
“In or around October 2005 [the mother] sought to move from Nashville, Tennessee, to Huntsville, Alabama with the minor child to continue her residency, at which time [the father] filed his Petition to Establish Paternity. [The father] also sought to restrain [the mother] from moving from Tennessee to Alabama. [The mother] filed a Counter Petition for Custody and to dissolve the Temporary Restraining Order.
“On October 20, 2005, the parties had a hearing at which time the Special Referee allowed [the mother] to relocate to Alabama with the minor child, declared [the father] to be the father [of the child], set child support, and established a visitation schedule for [the father] that consisted of the third week of each month.
“The pending Petitions were tried before [the referee] on December 20, 2006. After a lengthy hearing [the referee] designated [the mother] primary residential parent with sole decision making authority. The [referee] placed the parties on a schedule of six-week periods whereby the child would reside with [the mother] for four weeks and visit with [the father] for two weeks of each six-week period.
“[The father] appealed the Referee’s decision [to the Tennessee court], seeking, among other things, an equal division of the child’s time via a three week/ three week schedule.
“The parties followed the Referee’s ordered schedule from December 20, 2006, until the time of the new hearing in this cause which concluded on March 28, 2008.”
The Tennessee judgment ordered, among other things, that the mother continue to serve as the child’s “primary residential parent”; that the visitation schedule established by the referee remain in force; that *645 the mother exercise sole decision-making authority regarding the child; that the father maintain health insurance for the child’s benefit; that the father travel to pick up the child at the beginning of his visitation period with the child; that the mother retrieve the child from the father at the end of the father’s visitation with the child; that each party bear his or her own cost of travel and the cost of the child’s travel when the child was with him or her; and that, because the mother’s income greatly exceeded the father’s income at that time, the mother pay the father monthly child support of $92. The Tennessee judgment indicated that, because the parties and the child did not reside in Tennessee at that time and because Alabama was the child’s home state, the Tennessee court had “no desire to litigate any future issues between these parties and [would] defer to the appropriate Alabama court.”
In her January 25, 2010, petition to the juvenile court seeking to modify the Tennessee judgment, the mother asserted that the father was now a resident of Madison County, although he continued to travel back and forth between Alabama and Ohio. She alleged that, although the father had established a residence in Madison County, he had required her to continue paying the cost of travel between Alabama and Ohio for the father’s visitation with the child. The mother also alleged that the health insurance the father provided for the child had a high deductible and that comparable health insurance for the child with a lower deductible could be obtained. She sought a judgment requiring the father to pay child support, modifying the provision in the Tennessee judgment pertaining to health insurance for the child, and modifying the provision in the Tennessee judgment pertaining to travel costs for the father’s visitation with the child.[1]
On June 25, 2010, the father filed an answer to the mother’s petition in which he denied that he resided in Alabama. He also filed a counterpetition to modify the Tennessee judgment in which he sought, among other things, custody of the child or, failing that, an increase in the amount of his visitation with the child.
On July 27, 2010, the juvenile court, believing that it lacked subject-matter jurisdiction over the claims at issue in the action, transferred the action to the circuit court.
After holding a trial of the action, the circuit court purported to enter a judgment in which it terminated the mother’s child-support obligation, ordered the father to pay child support, denied the other relief the mother had requested, denied the father’s request for custody of the child, and modified the father’s visitation schedule based on his testimony at trial that he would begin residing in Alabama on October 4, 2010. The father filed a timely appeal.
On appeal, the father contends for the first time in his reply brief that the circuit court was without jurisdiction over the action because the Tennessee judgment was not registered for modification or enforcement with an Alabama court in accordance with the Uniform Interstate Family Support Act, § 30-3A-101 et seq., Ala.Code 1975 (“the UIFSA”), or the Uniform Child Custody Jurisdiction and Enforcement Act, § 30-3B-101 et seq., Ala. Code 1975 (“the UCCJEA”). Although this court normally will not consider arguments raised for the first time in an appel *646 lant’s reply brief, see Byrd v. Lamar, 846 So.2d 334, 341 (Ala.2002), arguments related to a court’s subject-matter jurisdiction can be raised at any time, see Ex parte V.S., 918 So.2d 908, 912 (Ala.2005). Because we find the issue of jurisdiction dis-positive of this appeal, we will not address the father’s other contentions.
The UIFSA governs “support orders” entered by a court of another state. § 30-3A-301; Lattimore v. Lattimore, 991 So.2d 239, 241 (Ala.Civ.App.2008). It defines a “support order” as “a judgment, decree, or order, whether temporary, final, or subject to modification, for the benefit of a child, a spouse, or a former spouse, which provides for monetary support, health care, arrearages, or reimbursement, and may include related costs and fees, interest, income withholding, attorney’s fees, and other relief.” § 30-3A-101(22). The UIFSA provides that, under certain circumstances, a court of this state can modify a child-support order issued by a court of another state. § 30-3A-609.
Plainly, two of the aspects of the Tennessee judgment of which the mother sought a modification, child support and health insurance for the child, are governed by the UIFSA. See § 30-3A-101(22); Lattimore, 991 So.2d at 241. We conclude that, under the facts of this case, the third aspect of the Tennessee judgment of which the mother sought a modification, travel expenses for visitation, is also governed by the UIFSA. This court has held that “ ‘ “[visitation is the joint right of both the noncustodial parent and the child” ’ ” and that “ ‘ “[t]he best interests of the child are furthered by the child being nurtured and guided by both of his or her natural parents.” ’ ” M.R.J. v. D.R.B., 34 So.3d 1287, 1292 (Ala.Civ.App.2009) (quoting Jackson v. Jackson, 999 So.2d 488, 494 (Ala.Civ.App.2007), quoting in turn Johnita M.D. v. David D.D., 191 Misc.2d 301, 303, 740 N.Y.S.2d 811, 813 (N.Y.Sup.Ct.2002)). See also § 30-3-160 (recognizing “the general philosophy in this state that children need both parents, even after a divorce”). Because we recognize that a child has a right to visitation with a noncustodial parent and that a child’s best interest is furthered by such visitation, we conclude that the cost of transporting a child for visitation with a noncustodial parent constitutes a form of support for the child. See Drakulich v. Drakulich, 705 So.2d 665, 667 (Fla.Dist.Ct.App.1998) (“The expense of transporting the minor child for visitation is a childrear-ing expense like any other.”); Rapp v. Russell, 965 S.W.2d 897, 899 (Mo.Ct.App.1998) (treating father’s request to have mother share in the cost of transporting the child for visitation as a child-support matter rather than a custody matter); Viggiano v. Rippeteau, (No. C8-90-1141, Dec. 24, 1990) n. 4 (Minn.Ct.App.1990) (unpublished opinion) (stating that the expenses of visitation are “a form of support” for a child). Thus, we conclude that, like the other requests contained in the mother’s petition to modify the Tennessee judgment, the mother’s request to modify her obligation to pay a portion of the visitation costs under the Tennessee judgment is governed by the UIFSA as seeking the modification of a support order.[2]
*647 The UIFSA provides that a party seeking to modify a child-support order issued by another state “shall register that order in this state.” § 30-3A-609 (emphasis added). This court has held that a trial court does not obtain subject-matter jurisdiction over a petition to modify a foreign support order if it is not registered properly under the UIFSA. See S.A.T. v. E.D., 972 So.2d 804, 807 (Ala.Civ.App.2007). See also Mattes v. Mattes, 60 So.3d 887, 891 (Ala.Civ.App.2010) (holding that “the trial court never obtained subject-matter jurisdiction over the foreign child-support order” when it was not properly registered as required by the UIFSA). The UIFSA provides the following method for registering a child-support order in a court of this state:
“(a) A support order or income-withholding order of another state may be registered in this state by sending the following documents and information to the appropriate court in this state:
“(1) a letter of transmittal to the court requesting registration and enforcement;
“(2) two copies, including one certified copy, of all orders to be registered, including any modification of an order;
“(3) a sworn statement by the party seeking registration or a certified statement by the tribunal or collection agency showing the amount of any arrearage;
“(4) the name of the obligor and, if known:
“(i) the obligor’s address and social security number;
“(ii) the name and address of the obligor’s employer and any other source of income of the obligor; and
“(iii) a description and the location of property of the obligor in this state not exempt from execution; and
“(5) the name and address of the obligee and, if applicable, the agency or person to whom support payments are to be remitted.
“(b) On receipt of a request for registration, the registering court shall cause the order to be filed as a foreign judgment, together with one copy of the documents and information, regardless of their form.”
§ 30-3A-602. Section 30-3A-605 of the UIFSA provides for certain notice to the nonregistering party:
“(a) When a support order or income-withholding order issued in another state is registered, the registering court shall notify the nonregistering party as provided under the Alabama Rules of Civil Procedure. The notice must be accompanied by a copy of the registered order and the documents and relevant information accompanying the order.
“(b) The notice must inform the non-registering party:
*648 “(1) that a registered order is enforceable as of the date of registration in the same manner as an order issued by a court of this state;
“(2) that a hearing to contest the validity or enforcement of the registered order must be requested within 30 days after the date of service obtained under the Alabama Rules of Civil Procedure;
“(3) that failure to contest the validity or enforcement of the registered order in a timely manner will result in confirmation of the order and enforcement of the order and the alleged arrearages and precludes further contest of that order with respect to any matter that could have been asserted; and
“(4) of the amount of any alleged arrearages.”
In the present case, the Tennessee judgment was not registered as required by the UIFSA. Although the mother attached to her motion to modify the Tennessee judgment a certified copy of that judgment, the mother did not request that the juvenile court register that judgment as required by § 30-3A-602(a)(l). Moreover, the record does not reflect that either the juvenile court or the circuit court caused the Tennessee judgment “to be filed as a foreign judgment,” as required by § 30-3A-602(b), or that the notice required by § 30-3A-605 was provided to the father.
Because the Tennessee judgment was not properly registered pursuant to the UIFSA, the juvenile court, and, subsequently, the circuit court, never obtained subject-matter, jurisdiction over the mother’s petition seeking modification of that judgment, S.A.T., 972 So.2d at 807, and, as a result, the mother’s action against the father was void ab initio. See Ex parte Owens, 65 So.3d 953, 956 (Ala.Civ.App.2010) (Mother’s rule nisi petition did not invoke jurisdiction of trial court because she failed to properly register foreign support order pursuant to the UIFSA.). Moreover, because the mother’s petition did not invoke the juvenile court’s and the circuit court’s jurisdiction, those courts likewise could not have obtained jurisdiction over the father’s counterpetition, filed in the same action. Ex parte Owens, 65 So.3d at 956-57 (Mother’s rule nisi petition was a nullity because of her failure to properly register foreign support order pursuant to the UIFSA, and, therefore, her subsequent attempt to comply with the UIFSA was likewise a nullity.); Blevins v. Hillwood Office Ctr. Owners’ Ass’n, 51 So.3d 317, 321-23 (Ala.2010) (Because plaintiff lacked standing, complaint failed to invoke trial court’s subject-matter jurisdiction, and action was due to be dismissed in toto, including defendant’s counterclaims.).
Because we conclude that the mother’s petition to modify the Tennessee judgment did not invoke the juvenile court’s or the circuit court’s subject-matter jurisdiction, the mother’s petition was a nullity and her action should have been dismissed. “A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal.” Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008). Accordingly, we dismiss the appeal with instructions to the circuit court to vacate its judgment and dismiss the mother’s action.
APPEAL DISMISSED WITH INSTRUCTIONS.
PITTMAN, THOMAS, and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.

. As the mother's attorney made clear at the trial of this action, the mother did not seek a change with regard to the child's visitation with the father other than a reallocation of the travel costs associated with that visitation.

. The other potential basis for the exercise of jurisdiction to modify a foreign judgment involving domestic matters is the UCCJEA, which applies to "child custody determinations." § 30-3B-203 (permitting a court of this state to modify a "child custody determination” of another state under certain circumstances). However, the UCCJEA does not apply to the mother’s request to modify the requirement in the Tennessee judgment that she pay a portion of the transportation expenses for visitation with the father because, although the UCCJEA defines a "child custody determination” as a judgment "pro *647 viding for the legal custody, physical custody, or visitation with respect to a child,” it specifically excludes from that definition any "order relating to child support or other monetary obligation of an individual.” § 30-3B-102(3) (emphasis added). See In re S.A.V., 837 S.W.2d 80, 83-84 (Tex.1992) (holding that an adjudication regarding visitation expenses does not constitute a "custody determination” as that term was defined by the former Uniform Child Custody Jurisdiction Act ("the UC-CJA”), which contained a definition of "custody determination” that was materially similar to the definition provided in the UCCJEA). But see McCaffery v. Green, 931 P.2d 407, 409 n. 4 (Alaska 1997) (concluding that an issue regarding visitation expenses was governed by the UCCJA despite the UCCJA's exclusion of decisions "relating to child support or other monetary obligation of any person” from the definition of a "custody determination”).