MOORE, Judge.
Deborah Ruth Herzog (“the former wife”) appeals from a judgment of the Coffee Circuit Court (“the trial court”) modifying the monthly child-support obligation of Kevin P. Stonerook (“the former husband”).
The former husband testified that he and the formed wife are both service members in the United States Army who were stationed in Hawaii at the time of the entry of their uncontested divorce judgment on September 14, 2009 (“the Hawaii divorce judgment”). According to the former husband, the same Hawaii court that entered the Hawaii divorce judgment modified that judgment on January 22, 2010 (“the Hawaii amended judgment). Pursuant to the terms of the Hawaii amended judgment, the former husband agreed to pay child support to the former wife, who was designated as the primary physical *342 custodian of the parties’ three children, in the amount of $8,010 per month.
The former husband testified, that, in June or August 2010, the former wife and the children relocated to Alabama. The former wife testified that, in March 2012, she received notice from the Army that she was being reassigned to a station in Pennsylvania, and, according to the former wife, she notified the former husband regarding that reassignment.
On April 5, 2012, the former husband petitioned to register the Hawaii divorce judgment and the Hawaii amended judgment in the trial court, asserting that he had been reassigned to Missouri and that the former wife had been reassigned to Fort Rucker, Alabama. The former husband sought a modification of his child-support obligation for the parties’ three minor children, arguing that the child-support award should be recalculated based on the parties’ current income information. The former husband asserted that he was attaching to his petition for registration and modification two copies of the Hawaii divorce judgment, including one certified copy, and two copies of the Hawaii amended judgment, including one certified copy. The former husband also asserted in his petition that he had paid child support as ordered and that he owed no child-support arrearage. The former husband’s filings in the trial court were not verified filings; rather, they were signed by only his attorney.
On May 11, 2012, the former wife’s attorney filed a limited notice of appearance in the trial court for the purpose of filing an objection to the former husband’s petition and a motion to dismiss. In her objection and her motion to dismiss, the former wife argued that the former husband’s petition was due to be dismissed for lack of jurisdiction. The former husband filed a response to the former wife’s objection and her motion to dismiss. On August 24, 2012, following a hearing, the trial court entered an order finding that the former husband “has properly proceeded to register the relevant support orders from the State of Hawaii and that jurisdiction, personal and subject matter, is proper in Alabama”; the trial court then overruled the former wife’s objection and denied her motion to dismiss.
On October 5, 2012, the former wife filed an answer and a counterclaim seeking, among other things, the right to claim all three of the parties’ children as dependents for income-tax purposes each year; to modify the age of majority of the children from 18 years to 19 years, the age of majority in Alabama; and to hold the former husband in contempt of court for his alleged failure to pay medical and other bills incurred by the parties’ children.[1] The former husband filed an answer to the former wife’s counterclaim. The trial court set the matter for a final hearing on April 28, 2013. On April 5, 2013, the parties’ filed a joint motion requesting that they be allowed to testify by telephone at the hearing; the trial court granted that motion.
On May 1, 2013, following the hearing, the trial court entered a judgment in which it, among other things, denied the former wife’s renewed oral motion to dismiss the former husband’s petition for lack of jurisdiction; modified the former husband’s child-support obligation to $1,323.15 per month, which, it noted, had been calculated pursuant to Rule 32, Ala. R. Jud. Admin.; denied the former wife’s request to modify the age of majority for child-support purposes from the age of majority under Ha *343 waii law, i.e., 18 years, to the age of majority under Alabama law, i.e., 19 years; and denied the former wife’s request to allow her to claim the parties’ children for income-tax purposes. The former wife filed a postjudgment motion on May 29, 2013; that motion was denied by operation of law on August 27, 2013. See Rule 59.1, Ala. R. Civ.App. The former wife timely appealed to this court.
The former wife raises several issues on appeal. Because we find the former wife’s argument regarding the trial court’s lack of subject-matter jurisdiction dispositive, however, we pretermit discussion of the former wife’s remaining arguments on appeal.
“ ‘ “[J]urisdictional matters are of such magnitude that we take.notice of them at any time and do so even ex mero motu.’” Singleton v. Graham, 716 So.2d 224, 225 (Ala.Civ.App.1998) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). ‘ “ ‘[Sjubject-matter jurisdiction may not be waived; a court’s lack of subject-matter jurisdiction may be raised at any time by any party and may even be raised by a court ex mero motu.”” M.B.L. v. G.G.L., 1 So.3d 1048, 1050 (Ala.Civ.App.2008) (quoting S.B.U. v. D.G.B., 913 So.2d 452, 455 (Ala.Civ.App.2005), quoting in turn C.J.L. v. M.W.B., 868 So.2d 451, 453 (Ala.Civ.App.2003)).”
Arvin N. Am. Auto., Inc. v. Rodgers, 71 So.3d 669, 672 (Ala.Civ.App.2011).
Section 30-3A-609, Ala.Code 1975, a part of the Uniform Interstate Family Support Act (“the UIFSA”), § 30-3A-101 et seq., Ala.Code 1975, provides:
“A party or support enforcement agency seeking to modify, or to modify and enforce, a child-support order issued in another state shall register that order in this state in the same manner provided in Part 1 [of Article 6 of the UIFSA] if the order has not been registered. A petition for modification may be filed at the same time as a request for registration, or later. The pleading must specify the grounds for modification.”
(Emphasis added.) Section 30-3A-602, Ala.Code 1975, which is located in Part 1 of Article 6 of the UIFSA, outlines the procedure to be followed to register the support order of another state and provides, in pertinent part:
“(a) A support order or income-withholding order of another state may be registered in this state by sending the following documents and information to the appropriate court in this state:
“(1) a letter of transmittal to the court requesting registration and enforcement;
“(2) two copies, including one certified copy, of all orders t.o be registered, including any modification of an order;
“(3) a sworn statement by the party seeking registration or a certified statement by the tribunal or collection agency showing the amount of any arrearage.... ”
A court of this state may modify a child-support order issued by another state only after that child-support order has been properly registered. See § 30-3A-610, Ala.Code 1975. “Only strict compliance with [the UIFSA] registration procedure confers subject-matter jurisdiction upon an Alabama circuit court to ... modify a foreign child-support judgment.” Ex parte Ortiz, 108 So.3d 1046, 1050 (Ala.Civ.App.2012).
Because the former husband sought to modify both the Hawaii divorce judgment and the Hawaii amended judgment (some *344 times hereinafter referred to collectively as “the Hawaii judgments”), he was required to register those judgments in strict compliance with § 30-3A-602. The record on appeal indicates that the former husband filed a document entitled “Registration and Petition for Modification of Divorce Decree.” In that document, the former husband stated that he was filing two copies, one certified, of the Hawaii judgments. The former husband also averred that he was “not in arrears” on any payment of monthly child support. The record on appeal includes only one copy each of the Hawaii judgments. The record on appeal also does not contain any sworn statement by the former husband showing the amount of any arrearage.
In an order dated August 24, 2012, the trial court determined that the former husband “has properly proceeded to register the relevant support orders from the State of Hawaii and that jurisdiction, personal and subject matter, is proper in Alabama.” However, “[o]ur review of the registration issue is de novo.” L.V. v. I.H., 123 So.3d 954, 958 (Ala.Civ.App.2013). Based on our independent review of the filings, we conclude that the former husband did not strictly comply with § 30-3A-602.
Even treating the petition filed by the former husband as the required letter of transmittal, see L.V. v. I.H., supra, and even assuming that the former husband actually filed the requisite number of copies of the Hawaii judgments as he claims, it remains that the former husband did not file a sworn statement regarding any ar-rearage. Instead, the former husband merely alleged in his unverified petition that he was not in arrears on any child support.
In his brief to this court, the former husband asserts that he substantially complied with § 30-3A-602(a)(3) because, he says, his pleading notified the former wife that he was contending that no arrearage was due and the former wife made no counterclaim for any arrearage. However, the former wife did, in fact, file a counterclaim for a rule nisi based on past-due unpaid medical expenses. Section 30-3A-101(22), Ala.Code 1975, specifically defines a “support order” to include a “judgment ... for the benefit of a child ... which provides for ... health care,” so healthcare expenses are a form of child support. To have properly registered the Hawaii judgments, the former husband was required to file a sworn statement of any unpaid health-care expenses due under those judgments, but he did not. The former husband may have maintained that, at the time he filed his pleadings, he was unaware of those expenses or that he did not believe he owed those expenses; however, the burden remained upon him to state those contentions in a sworn statement as opposed to merely asserting in his unverified petition that he did not owe any arrearage.[2]
In Williams v. Williams, 91 So.3d 56, 61-62 (Ala.Civ.App.2012), the father in that case had pointed out that “other jurisdictions have held that, in the absence of prejudice to the opposing party, a failure to properly register a foreign judgment does not deprive a court of jurisdiction to modify that judgment under the UIFSA.” This court proceeded to observe that “this court, like the appellate courts of many other states, ... has consistently held that a foreign child-support order must be registered before an Alabama circuit court *345 obtains subject-matter jurisdiction to modify that order.” 91 So.3d at 62. In several other cases, this court has held that a lower court lacked subject-matter jurisdiction due to the failure of a registrant to strictly comply with § 30-3A-602. See Owens v. Owens, 51 So.3d 364 (Ala.Civ.App.2010) (the failure to file two copies of the foreign child-support order along with a sworn statement by the party or a certified statement by a collection agency showing the amount of any arrearage owed resulted in a void judgment for lack of subject-matter jurisdiction); Mattes v. Mattes, 60 So.3d 887, 891 (Ala.Civ.App.2010) (circuit court lacked subject-matter jurisdiction because the mother in that case had failed to file two copies of the foreign child-support order, including one certified copy); and Ex parte Ortiz, 108 So.3d 1046 (Ala.Civ.App.2012) (circuit court lacked subject-matter jurisdiction to modify a Florida child-support judgment when the registrant had failed to file copies of the entirety of the Florida judgment and the registrant had not included a sworn statement showing the amount of any arrearage).
Because strict compliance with the UIFSA is required, we conclude that a parent attempting to register a foreign judgment must file a sworn statement of any arrearage due, including any unpaid health-care expenses. If that parent asserts that no arrearage exists, the parent must state that contention under oath in the sworn statement. A mere assertion in an unverified pleading that no arrearage is due does not qualify as a sworn statement for the purposes of § 30-3A-602(a)(3).
Because the former husband did not file the requisite sworn statement, he failed to strictly comply with § 30-3A-602 in registering, in their entirety, the Hawaii divorce judgment and the Hawaii amended judgment. Because the Hawaii divorce judgment and the Hawaii amended judgment were not registered in strict compliance with the UIFSA, the former husband’s petition for modification did not trigger the subject-matter jurisdiction of the trial court. See S.A.T. v. E.D., 972 So.2d 804, 807 (Ala.Civ.App.2007). Thus, the trial court did not have subject-matter jurisdiction to modify either the Hawaii divorce judgment or the Hawaii amended judgment, and the trial court’s modification judgment is therefore void. Mattes, 60 So.3d at 891. “A void judgment will not support an appeal.” Id. We, therefore, dismiss the former wife’s appeal, albeit with instructions to the trial court to vacate its May 1, 2013, judgment.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. The former wife voluntarily withdrew her claim for unpaid medical expenses based on payments she received, from the former husband at some point before trial.

. We further note that the former husband eventually acknowledged and paid the healthcare expenses by October 2012.