MOORE, Judge.
L.N.K. (“the mother”) petitions this court for a writ of mandamus directing the Shelby Circuit Court (“the circuit court”) to dismiss the petition for custody of B.E.H. (“the child”) filed by B.E.H., Sr.

Procedural History

Based on the materials submitted to this court and the stipulations of the parties, it appears that, in 2003, the Jefferson Family Court entered a judgment establishing B.E.H., Sr., as the father of the child and ordering him to pay child support. That judgment impliedly granted the mother custody of the child. See M.R.J. v. D.R.B., 17 So.3d 683, 686 (Ala.Civ.App.2009) (citing T.B. v. C.D.L., 910 So.2d 794 (Ala.Civ.App.2005)). On February 4, 2010, B.E.H., Sr. (“the father”), filed a petition in the circuit court seeking to gain legal and physical custody of the child and to end his obligation to pay child support. In that petition, the father alleged that the mother and the child reside in Pelham, which is located in Shelby County.
On April 22, 2010, the mother filed a contempt petition in the Jefferson Family Court, alleging the failure of the father to pay child support, including certain medical expenses of the child. Five days later, the mother filed in the circuit court a motion to dismiss or, in the alternative, to *657 transfer the father’s action to the Jefferson Family Court. The mother argued in her motion that the Jefferson Family Court retained jurisdiction over the custody and child-support issues. The mother later withdrew her motion to transfer the action and submitted her motion to dismiss to the circuit court. On June 2, 2010, the circuit court denied the mother’s motion to dismiss.
On July 14, 2010, the mother filed a petition for a writ of mandamus with this court, arguing that the circuit court lacks subject-matter jurisdiction over the father’s petition. On August 6, 2010, this court granted a motion to stay the proceedings in the circuit court. Thereafter, the father submitted his answer and the parties submitted their briefs. Upon review of those briefs, this court dissolved the stay on October 22, 2010. This court now decides that the petition for a writ of mandamus is due to be denied.

Discussion

“Subject-matter jurisdiction is reviewable by a petition for a writ of mandamus. Ex parte Punturo, [928] So.2d [1030] (Ala.2002); Ex parte Flint Constr. Co., 775 So.2d 805 (Ala.2000).
“ ‘ “A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.” ’
“Ex parte Bruner, 749 So.2d 437, 438 (Ala.1999) (quoting Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998)).”
Ex parte K.L.P., 868 So.2d 454, 455 (Ala.Civ.App.2003).
The mother does not dispute that the circuit court has plenary jurisdiction over equitable matters such as child-custody and child-support cases. See § 12-11-31, Ala.Code 1975. The mother instead relies on the rule of law that, once a court of this state establishes jurisdiction over those matters, jurisdiction remains in that court unless and until that jurisdiction is relinquished. See Rush v. Simpson, 373 So.2d 1105, 1108 (Ala.Civ.App.1979). Based on that rule of law, the mother maintains that, because the Jefferson Family Court first addressed child custody and child support in its 2003 judgment, it retained jurisdiction over those matters in 2010 to the exclusion of the circuit court. Hence, the mother argues, only the Jefferson Family Court may decide the issues raised in the father’s petition. The mother contends, therefore, that the circuit court erred in denying her motion to dismiss for lack of subject-matter jurisdiction.
The record before us shows that, in 2003, the Jefferson Family Court decided the custody and child-support issues as part of a paternity proceeding involving the child, who was born out of wedlock to the mother and the father. At that time, only juvenile courts could adjudicate such paternity cases. See former § 12-15-31(2), Ala.Code 1975 (providing that juvenile courts shall have exclusive original jurisdiction “[i]n proceedings to establish paternity of a child born out of wedlock”). As part of a paternity proceeding, a juvenile court also could decide custody and child-support issues. See former § 12-15-30(b)(1), Ala.Code 1975 (providing that the juvenile court shall exercise exclusive original jurisdiction of “[proceedings to determine custody ... of a child when the child is otherwise before the court”); and C.D.W. v. State ex rel. J.O.S., 852 So.2d 159 (Ala.Civ.App.2002) (holding that an action seeking to establish paternity and for an award of child support is within the juvenile court’s jurisdiction). As it does today, in 2003 the Jefferson Family Court *658 acted as the juvenile court for the Tenth Judicial Circuit. See Ex parte Calhoun, 688 So.2d 259 (Ala.1997). Thus, the 2003 judgment resulted from an exercise of the jurisdiction of the Jefferson Family Court in a paternity proceeding.
Formerly, once a juvenile court decided custody and child-support issues as part of a paternity proceeding, that juvenile court retained continuing exclusive jurisdiction over those issues unless it terminated its own jurisdiction. See former § 12-15-32, Ala.Code 1975 (providing that, once a juvenile court obtains jurisdiction in any case involving a child, that court retains jurisdiction over that case until the child reaches the age of 21 years or until the court, by its own order, terminates that jurisdiction); see also W.B.G.M. v. P.S.T., 999 So.2d 971 (Ala.Civ.App.2008). However, in 2008, the legislature enacted the new Alabama Juvenile Justice Act (“the new AJJA”), § 12-15-101 et seq., Ala.Code 1975, which amended and renumbered the provisions of former § 12-15-32 as § 12-15-117, Ala. Code 1975. Section 12-15-117 provides, in pertinent part:
“(a) Once a child has been adjudicated dependent, delinquent, or in need of supervision, jurisdiction of the juvenile court shall terminate when the child becomes 21 years of age unless, prior thereto, the judge of the juvenile court terminates its jurisdiction over the case involving the child.”
By its plain terms, § 12-15-117(a) does not grant juvenile courts continuing jurisdiction over children unless they have been “adjudicated dependent, delinquent, or in need of supervision.” Thus, this court has held that a juvenile court no longer has continuing jurisdiction over a child based solely on its having made a prior paternity determination. Ex parte T.C., 63 So.3d 627 (Ala.Civ.App.2010).
Adhering to the principles set out in Ex parte T.C., we hold that the Jefferson Family Court does not have continuing exclusive jurisdiction over the custody and child-support issues asserted in the father’s petition. See, e.g., T.B. v. T.H., 30 So.3d 429, 431 (Ala.Civ.App.2009) (“Juvenile courts are purely creatures of statute and have extremely limited jurisdiction.”).[1] Hence, the mere fact that the Jefferson Family Court at one time decided child-custody and child-support matters as part of a paternity determination does not in any manner prevent the circuit court from exercising its jurisdiction over those issues. The circuit court therefore properly denied the motion to dismiss. Because the mother has shown no clear legal right to the relief sought, this court declines to issue the requested writ of mandamus.
The mother also argues that the custody-modification standard set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984), should apply to the custody issue in the underlying case. We note, however, that the circuit court has yet to address the custody issue and has never indicated that it would follow any other custody-modification standard. Thus, we conclude that the mother has not shown ‘““an imperative duty on the respondent to perform, accompanied by a refusal to do so.” ’ ” Ex parte K.L.P., 868 So.2d at 455. Therefore, we decline to issue the a writ of mandamus regarding this issue.
Based on the foregoing, we deny the mother’s petition for a writ of mandamus.
PETITION DENIED.
*659 PITTMAN, BRYAN, and THOMAS, JJ., concur.
THOMPSON, P.J., concurs specially.

. The father did not allege any facts that could be construed as dependency allegations so as to invoke the juvenile court's dependency jurisdiction under 12-15-114(a), Ala.Code 1975, nor did he allege that the child was in danger of immediate harm so as to invoke the juvenile court’s emergency jurisdiction under 12-15-138, Ala.Code 1975.