MOORE, Judge.
R.T. (“the grandmother”), the paternal grandmother of D.F. (“the child”), appeals from a judgment of the Marshall Juvenile Court (“the juvenile court”) denying her petition for grandparent visitation rights with the child. We dismiss the appeal.

Procedural History

On December 19, 2008, the juvenile court entered an order establishing the paternity of the child and granting B.N.H. (“the mother”) and S.W. (“the father”) *809 joint custody of the child.[1] On February 19, 2009, the mother filed in the juvenile court a motion for immediate relief, alleging that the child had been abused during the time that he had been in the care of the father and that the child would be subject to irreparable harm if the father were allowed to continue to exercise visitation with the child. The mother requested that the juvenile court terminate the father’s visitation with the child pending a further hearing. On February 20, 2009, the juvenile court entered an ex parte order specifically finding that there “exist[ed] a substantial risk of irreparable harm to the ... child” and terminating the father’s visitation with the child pending a further hearing in the case. On March 25, 2009, the father filed an answer as well as a counterclaim for custody and a motion for contempt.
On May 27, 2009, the juvenile court entered the following handwritten notation on the case-action-summary sheet: “Parties agree that they will both complete cooperative parents & submit to a [Department of Human Resources’] home study; both parties to participate & complete family drug court [program]; father’s visitation to be as arranged [by] VIP Center; ... formal order to follow.” That notation was not “signed or initialed by the judge,” and, therefore, it was not a sufficient order pursuant to Rule 58(b), Ala. R. Civ. P. Apparently, there was a separate order entered by the juvenile court that same day that, among other things, allowed supervised visitation between the child and the grandmother.[2] Subsequently, on June 15, 2009, the juvenile court entered the following order:
“This cause having come before the Court on this the 27th day of May, 2009 and each party being present with their respective attorneys and the parties announcing that a temporary agreement has been reached in this matter, it is therefore ORDERED, ADJUDGED, and DECREED as follows:
“1. Each party hereto will contact the Marshall County Court Referral Office and be evaluated and comply with the Marshall County Family Drug Court Program and complete any and all directives therefrom. The [mother] is determined to be indigent for the purposes of the Family Drug Court Program.
“2. The [father] shall receive visitation with the minor child supervised at the VIP Center pursuant to the Court’s Order of May 27, 2009.
“3. The Department of Human Resources is ordered to conduct and complete a formal home study on both the [mother] and [the father] prior to a final hearing herein.
“4. The parties are permitted to conduct discovery in this cause pursuant to the Alabama Rules of Civil Procedure.”
On February 4, 2010, the juvenile court entered the following judgment:
“THE PARTIES HERETO, by and through their respective counsel, having advised this Court that an agreement resolving all issues now pending between them, and the Court having considered the same, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:
“1. The [father] shall have no contact with either the [mother] or the ... *810 child.... All prior orders regarding visitation are rescinded and the complete care, custody, and control of the minor child remains with the [mother].
“2. This matter is placed on the administrative docket for a period of twelve (12) months to be dismissed if no further pleadings are filed herein, costs taxed as paid.”
On March 1, 2010, the grandmother moved to intervene; she also filed a petition for grandparent visitation. In her petition, the grandmother alleged that the well being of the child would be benefited by allowing the child to visit with the grandmother and that “grave and irreparable harm” would result without an order of visitation. On March 2, 2010, a hearing on dispositional issues was held and arguments were heard regarding the grandmother’s request for visitation. The motion to intervene was granted on March 8, 2010. On April 5, 2010, the juvenile court entered an order reinstating[3] the grandmother’s visitation effective April 20, 2010, unless, within 10 days, the mother filed caselaw supporting her position that the grandmother’s visitation should be terminated.
Although the juvenile court had granted the grandmother’s motion to intervene on March 8, 2010, the mother filed a response to the grandmother’s motion to intervene on March 10, 2010, alleging that the grandmother lacked standing to intervene and that the juvenile court lacked subject-matter jurisdiction to consider the grandmother’s petition for grandparent visitation.
On April 13, 2010, the mother filed a motion to correct a clerical error in the May 27, 2009, order, stating that “[t]he parties ... had no intent, at any point, to create a separate visitation right [for the grandmother] with [the child], only that she be permitted to provide transportation for the Father.” On May 7, 2010, the juvenile court entered an order, pursuant to Rule 60(a), Ala. R. Civ. P., correcting the May 27, 2009, order to reflect that the grandmother was not awarded any visitation rights in the May 27, 2009, order but that she had simply been permitted to provide transportation for the father; the juvenile court also set aside the April 5, 2010, order reinstating the grandmother’s visitation with the child.
On June 23, 2010, the juvenile court heard arguments on the grandmother’s petition for grandparent visitation. On June 28, 2010, the juvenile court entered a judgment denying the grandmother’s petition, holding that it was barred by Ala.Code 1975, § 30-3-4.1(g). On July 12, 2010, the grandmother filed her notice of appeal to this court.

Discussion

The record reveals that the juvenile court initially decided the issue of the custody of the child in December 2008 “as part of a paternity proceeding involving the child, who was born out of wedlock to the mother and the father.” Ex parte L.N.K., 64 So.3d 656, 657 (Ala.Civ.App.2010). In December 2008,
“only juvenile courts could adjudicate such paternity cases. See former § 12-15-31(2), Ala.Code 1975 (providing that juvenile courts shall have exclusive original jurisdiction ‘[i]n proceedings to establish paternity of a child born out of wedlock’). As part of a paternity proceeding, a juvenile court also could decide custody and child-support issues. See former § 12-15-30(b)(l), Ala.Code 1975 (providing that the juvenile court shall exercise exclusive original jurisdiction of ‘[proceedings to determine custody ... of a child when the child is *811 otherwise before the court’); and C.D.W. v. State ex rel. J.O.S., 852 So.2d 159 (Ala.Civ.App.2002) (holding that an action seeking to establish paternity and for an award of child support is within the juvenile court’s jurisdiction)....
“Formerly, once a juvenile court decided custody and child-support issues as part of a paternity proceeding, that juvenile court retained continuing exclusive jurisdiction over those issues unless it terminated its own jurisdiction. See former § 12-15-32, Ala.Code 1975 (providing that, once a juvenile court obtains jurisdiction in any case involving a child, that court retains jurisdiction over that case until the child reaches the age of 21 years or until the court, by its own order, terminates that jurisdiction); see also W.B.G.M. v. P.S.T., 999 So.2d 971 (Ala.Civ.App.2008). However, in '2008, the legislature enacted the new Alabama Juvenile Justice Act (‘the new AJJA’), § 12-15-101 et seq., Ala.Code 1975, which amended and renumbered the provisions of former § 12-15-32 as § 12-15-117, Ala.Code 1975. Section 12-15-117 provides, in pertinent part:
“ ‘(a) Once a child has been adjudicated dependent, delinquent, or in need of supervision, jurisdiction of the juvenile court shall terminate when the child becomes 21 years of age unless, prior thereto, the judge of the juvenile court terminates its jurisdiction over the case involving the child.’
“By its plain terms, § 12-15-117(a) does not grant juvenile courts continuing jurisdiction over children unless they have been ‘adjudicated dependent, delinquent, or in need of supervision.’ Thus, this court has held that a juvenile court no longer has continuing jurisdiction over a child based solely on its having made a prior paternity determination. Ex parte T.C., 63 So.3d 627 (Ala.Civ.App.2010).”
L.N.K., 64 So.3d at 657-58. Thus, we conclude that the juvenile court did not retain jurisdiction to modify its December 2008 custody determination.
We note, however, that, under the new Alabama Juvenile Justice Act, Aa. Code 1975, § 12-15-1 et seq. (“the new AJJA”), the juvenile court, “on an emergency basis, may enter an order of protection or restraint to protect the health or safety of a child....” Ala.Code 1975, § 12-15-138. In the present case, the mother’s February 19, 2009, motion alleged that the child had been abused during the time that he had been in the care of the father and that the child would be subject to irreparable harm if the father were allowed to continue to exercise visitation with the child, and she requested that the father’s visitation with the child be terminated. We conclude that those allegations were sufficient to invoke the juvenile court’s emergency jurisdiction under § 12-15-138. The juvenile court acted pursuant to that jurisdiction in entering its February 20, 2009, ex parte order suspending the father’s visitation rights and, subsequently, in entering its June 15, 2009, order adopting the parties’ settlement agreement providing for supervised visitation by the father.
After the juvenile court entered the June 15, 2009, order addressing the emergency situation, however, the case evolved into a pure custody and visitation dispute between the parents. “The clear intent of the Legislature [in enacting the new AJJA] was to provide that the juvenile courts of this state should no longer be deciding custody disputes except insofar as their resolution is directly incidental to core juvenile-court jurisdiction.” Ex parte T.C., 63 So.3d 627, 630-31 (Ala.Civ.App.2010); see also Ala.Code 1975, § 12-15-114(a) (“A dependency action shall not include a custody dispute between par *812 ents.”). Accordingly, the juvenile court lacked jurisdiction to take any action on the parents’ custody and visitation dispute or on the grandmother’s subsequent petition for grandparent-visitation rights. Thus, all orders and judgments entered by the juvenile court after June 15, 2009, are void, including the order granting the grandmother’s motion to intervene and the June 28, 2010, judgment from which the grandmother appeals.[4] See Eagerton v. Second Econ. Dev. Coop. Dist. of Lowndes County, 909 So.2d 783, 788 (Ala.2005) (“Without subject-matter jurisdiction, any judgment entered in the action is void.”). “This court is required to dismiss an appeal from a void judgment.” Owens v. Owens, 51 So.3d 364, 367 (Ala.Civ.App.2010). Accordingly, we dismiss the grandmother’s appeal as being from a void judgment, albeit with instructions to the juvenile court to vacate any orders and judgments it entered after June 15, 2009. See Owens, 51 So.3d at 367.
Because we conclude that the juvenile court’s June 28, 2010, judgment is void, we do not address the grandmother’s second argument — that the juvenile court erred by concluding that her petition for grandparent-visitation rights was precluded by Ala.Code 1975, § 30-3-4.1.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and BRYAN and THOMAS, JJ., concur.
PITTMAN, J., concurs in the result, without writing.

. A copy of that judgment is not included in the record on appeal; however, the substance of that judgment is stated by the juvenile court in a subsequent judgment that is in the record.

. That order is not in the record on appeal, but the substance of that order is explained in a subsequent order entered by the juvenile court, which is in the record.

. See supra note 2 and accompanying text.

. We note that the juvenile court did have jurisdiction to correct its May 27, 2009, order on May 7, 2010, pursuant to Rule 60(a), Ala. R. Civ. P. This appeal does not concern the validity or correctness of that order, and our holding should not be construed in any manner as applying to the May 7, 2010, order.