PITTMAN, Judge.
K.C. (“the mother”) appeals from a judgment of the Elmore Juvenile Court purporting to modify, in response to a *95 request by R.L.P. (“the father”), visitation and the place of visitation exchange with respect to the parties’ son (“the child”). The juvenile court’s judgment ostensibly reinstated the father’s visitation rights, which had been temporarily suspended pending a hearing on the mother’s ex parte motion claiming that the father and his current wife were physically and verbally abusing the child. We dismiss the appeal as being from a void judgment.
The record reveals that the parties have never been married. The child has lived with the mother since he was born in 2002. The juvenile court first exercised jurisdiction over the parties with respect to custody of the child when it awarded the mother primary physical custody of the child and the father visitation rights in 2006, presumably incident to a paternity judgment; in 2008, it modified its previous judgment. The father initiated the present action in the juvenile court in September 2009. In his petition, the father sought to modify visitation, to change the place of visitation exchange, and to hold the mother in contempt for allegedly interfering with the father’s exercise of visitation and his relationship with the child. In December 2009, the mother filed an answer and submitted a counterclaim seeking to reduce the father’s visitation rights. In January 2010, the mother filed an ex parte motion to suspend the father’s visitation rights. The juvenile court purported to grant the mother’s ex parte motion pending its final determination of the father’s and the mother’s claims. After hearing evidence presented ore tenus, the juvenile court issued an order purporting to reinstate the father’s visitation rights and changing the location of exchange. The mother thereafter appealed to this court, asserting that the juvenile court had acted outside its discretion by reinstating the father’s visitation rights and by excluding certain parts of the child’s psychologist’s testimony. However, rather than addressing those questions, we are required to dismiss this appeal because the juvenile court’s judgment in this action is void for lack of subject-matter jurisdiction.
“[A] lack of subject-matter jurisdiction is not subject to waiver by the parties, and it is our duty to consider a lack of subject-matter jurisdiction ex mero motu.” Ex parte T.C., 63 So.3d 627, 630 (Ala.Civ.App.2010) (citing Ex parte Progressive Specialty Ins. Co., 31 So.3d 661, 662 n. 1 (Ala.2009)). In Ex parte T.C., supra, we explained the recent change in the law regarding the juvenile court’s exercise of retained jurisdiction over child-custody determinations when a child has not been found to be dependent, delinquent, or in need of supervision:
“Under former law, ‘once a juvenile court obtained] jurisdiction in any case involving a child,’ ... ‘that court re-tainted] jurisdiction over that case until the child reache[d] the age of 21 years or until the court, by its own order, terminated] that jurisdiction.’ W.B.G.M. v. P.S.T., 999 So.2d 971, 973 (Ala.Civ.App.2008) (citing former §§ 12-15-32(a) & 26-17-10(e), Ala.Code 1976). Thus, under former law, ‘[w]hen a juvenile court ha[d] jurisdiction to make an initial child-custody determination, it re-tainted] jurisdiction over a petition to modify that custody judgment to the exclusion of any other state court until the child reached] 21 years of age or the juvenile court terminated] its jurisdiction.’ Id. at 974. ...
“However, ... the Legislature has mandated a contrary rule as to custody cases filed after January 1, 2009:
“‘Act No. 2008-277, Ala. Acts 2008, replaces ... § 12 — 15—32[ ] with a new Code section, Ala.Code 1975, § 12-15-117, that limits a juvenile court’s re *96 tained jurisdiction to cases in which “a child has been adjudicated dependent, delinquent, or in need of supervision ” (emphasis added [in W.B.G.M.
“999 So.2d at 975 (Pittman, J., concurring specially). To like effect is § 12-15-114(a), which provides that although a juvenile court has original jurisdiction to decide an action alleging that a child is dependent, ‘[a] dependency action shall not include a custody dispute between parents.’ The clear intent of the Legislature was to provide that the juvenile courts of this state should no longer be deciding custody disputes except insofar as their resolution is directly incidental to core juvenile-court jurisdiction (such as in original paternity actions, see Ala.Code 1975, § 26-17-104). ...
“... To the extent that a juvenile court has properly made an initial custody award, or has properly modified a custody judgment under the statutory framework set forth in the main opinion in W.B.G.M., those judgments remain valid and enforceable nothwithstanding [Ala.Code 1975, §§ 12-15-114 and 12-15-117]. Any such judgments would, however, be prospectively modifiable in Alabama only by the circuit courts, which are constitutionally constituted as ‘trial courts of general jurisdiction.’ Ala. Const. 1901, § 139(a) (Off.Recomp.).”
Ex Parte T.C., 63 So.3d at 630-31.
Because the child has never been found dependent, and because the present action was filed after January 1, 2009, it could only have been properly filed in the circuit court. The mother’s appeal is therefore dismissed. The juvenile court is directed to vacate its judgment and to dismiss the father’s and the mother’s claims forthwith.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMAS and MOORE, JJ., concur.
THOMPSON, P.J., and BRYAN, J., concur in the result, without writings.