MOORE, Judge.
 

 B.L.R. (“the mother”) appeals from a judgment of the Lauderdale Juvenile Court (“the juvenile court”) declining to modify custody of C.N. (“the child”). We dismiss the appeal.
 

 Procedural History
 

 This case originated in the juvenile court in 2004 as case number CS-04-48, a child-support action between the mother and N.M.N. Ill (“the father”).
 
 See M.C. v. L.J.H.,
 
 868 So.2d 465, 467 (Ala.Civ.App. 2003) (“ ‘CS’ number ... indicates a juvenile-court child-support matter.”). Although the judgment in the original action is not in the record on appeal, it appears from the record that the mother was originally awarded custody of the child. Subsequent to the entry of the original judgment, the father filed a petition to modify the custody of the child in case number CS-04-48.02; pursuant to a judgment entered by the juvenile court on September 11, 2007, the father was awarded custody of the child.
 
 [1]
 

 
 *869
 
 On May 26, 2009, the mother filed a petition to modify the custody of the child; that case was assigned case number CS-04-48.05. The mother filed an amended petition on May 27, 2009. On June 11, 2009, the father answered the mother’s petition. On September 30, 2009, the mother filed a second amended petition in which she specifically asserted that the father had custody of the child, that there had been a change in circumstances since the father had been awarded custody of the child, and that it would be in the best interest of the child for custody to be awarded to the mother. The father answered the second amended petition on October 6, 2009. After a trial, the juvenile court entered a judgment on July 13, 2010, stating:
 

 “1. The [mother] shall obtain a psychiatric evaluation at Riverbend Center for Mental Health, ... and comply with any care plan.
 

 “2. The [father] shall retain full custody of the minor child....
 

 “3. The [mother’s] visitation shall be supervised by the North Alabama Visitation Center pending review. All visits shall be at the [mother’s] expense.
 

 “4. This matter is hereby set for review on October 21, 2010 at 9:00 AM, Courtroom Number 4, Third Floor of the Lauderdale County Courthouse, Florence, Alabama. The [mother] shall submit evidence/testimony establishing mental stability and compliance with mental health care plans.
 

 “5. The parties are ordered to use the web calendar at www.Ourfamily wizard.com for the purpose of communication. They shall subscribe to the Our Family Wizard Website for a period of one year. Each party to pay ½ (one/ half) of the costs associated with the use of the website program.”
 

 On July 22, 2010, the mother filed a motion to alter, amend, or vacate, the July 13, 2010, judgment; that motion was denied on July 26, 2010. On August 5, 2010, the mother filed her notice of appeal to this court.
 

 Discussion
 

 On appeal, the mother argues that the juvenile court erred in declining to modify custody of the child. Initially, however, we must address whether the juvenile court had jurisdiction to enter its July 13, 2010, judgment.
 

 “ ‘[A] lack of subject-matter jurisdiction is not subject to waiver by the parties, and it is our duty to consider a lack of subject-matter jurisdiction
 
 ex mero motu.’ Ex parte T.C.
 
 63 So.3d 627, 630 (Ala.Civ.App.2010) (citing
 
 Ex parte Progressive Specialty Ins. Co.,
 
 31 So.3d 661, 662 n. 1 (Ala.2009)). In
 
 Ex parte T.C., supra,
 
 we explained the recent change in the law regarding the juvenile court’s exercise of retained jurisdiction over child-custody determinations when a child has not been found to be dependent, delinquent, or in need of supervision:
 

 “ ‘Under former law, “once a juvenile court obtained] jurisdiction in any case involving a child,” ... “that court retained] jurisdiction over that case until the child reache[d] the age of 21 years or until the court, by its own order, terminate[d] that jurisdiction.”
 
 W.B.G.M. v. P.S.T.,
 
 999 So.2d 971, 973 (Ala.Civ.App.2008) (citing former §§ 12-15-32(a) & 26-17-10(e), Ala.Code 1975). Thus, under former law, “[w]hen a juvenile court ha[d] jurisdiction to make an initial child-custody determination, it retain[ed] jurisdiction over a petition to modify that custody judgment to the exclu
 
 *870
 
 sion of any other state court until the child reache[d] 21 years of age or the juvenile. court terminate[d] its jurisdiction.”
 
 Id.
 
 at 974....
 

 “ ‘However, ... the Legislature has mandated a contrary rule as to custody cases filed after January 1, 2009:
 

 ““‘Act No. 2008-277, Ala. Acts 2008, replaces ... § 12-15-32[ ] with a new Code section, Ala.Code 1975, § 12-15-117, that limits a juvenile court’s retained jurisdiction to cases in which ‘a child
 
 has been adjudicated dependent, delinquent, or in need of supenision
 
 ’ (emphasis added [in W.B.G.M.])....”
 

 “‘999 So.2d at 975 (Pittman, J., concurring specially). To like effect is § 12-15-114(a), which provides that although a juvenile court has original jurisdiction to decide an action alleging that a child is dependent, “[a] dependency action shall not include a custody dispute between parents.” The clear .intent of the Legislature was to provide that the juvenile courts of this state should no longer be deciding custody disputes except insofar as their resolution is
 
 directly
 
 incidental to core juvenile-court jurisdiction (such as in original paternity actions,
 
 see
 
 Ala. Code 1975, § 26-17-104)....
 

 “ ‘... To the extent that a juvenile court has properly made an initial custody award, or has properly modified a custody judgment under the statutory framework set forth in the main opinion in
 
 W.B.G.M.,
 
 those judgments remain valid and enforceable notwithstanding [Ala. Code 1975, §§ 12-15-114 and 12-15-117], Any such judgments would,- however, be prospectively modifiable in Alabama only by the circuit courts, which are constitutionally constituted as “trial courts of general jurisdiction.” Ala. Const. 1901, § 139(a) (Off. Recomp.).’ ”
 

 K.C. v. R.L.P.,
 
 67 So.3d 94, 95-96 (Ala.Civ. App.2011) (quoting Ex
 
 parte T.C.,
 
 63 So.3d 627, 630-31 (Ala.Civ.App.2010)).
 

 Because, in the present case, nothing in the record indicates that the child has ever been found dependent and because this custody dispute between parents was filed after January 1, 2009, we conclude that the juvenile court lacked jurisdiction to enter its July 13, 2010, judgment.
 
 K.C.,
 
 67 So.3d at 95. Thus, the judgment from which the mother appeals is void.
 
 R.T. v. B.N.H.,
 
 66 So.3d 807, 812 (Ala.Civ.App.2011). “ ‘This court is required to dismiss an appeal from a void judgment.’”
 
 R.T.,
 
 66 So.3d at 812 (quoting
 
 Owens v. Owens,
 
 51 So.3d 364, 367 (Ala.Civ.App.2010)). Thus, we dismiss the mother’s appeal, albeit with instructions to the juvenile court to vacate its void judgment.
 
 R.T.,
 
 66 So.3d at 812.
 

 APPEAL DISMISSED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . Various other petitions were also filed and ruled upon by the juvenile court in case num
 
 *869
 
 ber CS-04-48.02; however, those petitions and rulings are not pertinent to this appeal.