MOORE, Judge.
B.A.N. (“the mother”) appeals from a judgment of the Coffee Juvenile Court transferring custody of T.N.B. “(the child”) to G.T.B. (“the father”). We dismiss.
On February 5, 2010, the father filed a petition in the juvenile court requesting that he be awarded pendente lite custody of the child and that, upon a final hearing, he be awarded custody of the child. The father asserted:
“1. This Honorable Court issued an Order in this matter on or about the 14th day of October 2003 wherein the [father] was adjudicated to [be] the father of the [child].
“2. [The father] was granted visitation [and was] ordered to pay child support. “3. Since said Order there has been a material change of circumstances that warrants a change in custody.
“4. The ... child has been removed from [the mother’s custody] by [the Department of Human Resources (‘DHR’) ] due to various conditions that have put the ... child at risk. DHR has implemented a safety plan and the mother has delegated parental authority and placed the minor child with [the mother’s] mother.
“5. [The father] avers that it will be in the best interest of the ... child for him to have temporary custody pending a final hearing and permanent custody thereafter.
“6. [The father] avers that without the intervention of this Honorable Court irreparable harm will occur to the ... child, in that, there is nothing to prevent [the mother] from now coming and taking the ... child with her because there is no court order stating otherwise.
“7. The ... child is living in the home of her grandmother and grandfather. The grandfather is very ill with cancer. [The father] is a fit and proper person to have custody and the ... child desires to live with [the] father and [the father] is ready, willing and able to take care of the ... child.”
On February 6, 2010, the juvenile court entered an ex parte order stating, in pertinent part:
“Based upon the pleadings filed, the Court finds as follows:
“1. As the Department of Human Resources has implemented a safety plan, neither the mother ... nor the father ... shall remove the ... child from the current placement pending further ORDER of the Court or absent exigent circumstances.
“2. If exigent circumstances exist[ ] that would warrant immediate removal of the child, then the Department of Human Resources may remove the child and shall immediately file a dependency petition.”
The juvenile court also set the matter for a hearing on March 2, 2010.
Following ore tenus proceedings on March 2, 2010, the juvenile court entered an order March 30, 2010, that, among other things, awarded the mother and the father pendente lite custody of the child, with the father having physical custody of the child for alternating seven-day periods beginning on the first and third Mondays of each month and the mother having physical custody of the child for alternating seven-day periods beginning on the second and fourth Mondays of each month. The juvenile court also ordered the mother and the father to report to “court referral” for random and frequent drug screens and to undergo any drug or alcohol treatment recommended by the “court referral officer.” The mother filed a “motion to va *668 cate” requesting that the juvenile court vacate the pendente lite custody order and issue a final judgment; that motion was denied.
Thereafter, following ore tenus proceedings on August 2, 2010, the juvenile court entered a final judgment that same day that, among other things, awarded the mother and the father joint legal custody of the child, awarded the father primary physical custody of the child, and awarded the mother reasonable rights of visitation. That judgment stated, in pertinent part:
“1) Material circumstances have changed since the previous Order of July 27, 2004, [in] case number CS-2003-2.02 was entered.
“2) The Court further finds due to the mother’s prolonged and continued drug use, and her refusal to abide by the previous court order, the positive good brought about by a modification of custody would more than offset the disruptive effect in uprooting the ... child.”
Also on August 2, 2010, the father filed a “motion for credit for child support arrears” requesting that the juvenile court award him a credit in the amount of $865.84 for all child-support arrears that had accumulated since March 30, 2010, the date the juvenile court entered the pen-dente lite order awarding the father joint physical custody of the child. The juvenile court entered an order granting that motion on August 5, 2010. On August 12, 2010, the mother filed a motion to alter, amend, or vacate the August 2, 2010, judgment; the juvenile court denied that motion the same day. The mother filed her notice of appeal to this court on August 13, 2010.
On appeal, the mother raises three issues; we, however, find the dispositive issue to be whether the juvenile court had subject-matter jurisdiction to enter its August 2, 2010, judgment.
“ ‘[A] lack of subject-matter jurisdiction is not subject to waiver by the parties, and it is our duty to consider a lack of subject-matter jurisdiction ex mero motu.’ Ex parte T.C., 63 So.3d 627, 630 (Ala.Civ.App.2010) (citing Ex parte Progressive Specialty Ins. Co., 31 So.3d 661, 662 n. 1 (Ala.2009)). In Ex parte T.C., supra, we explained the recent change in the law regarding the juvenile court’s exercise of retained jurisdiction over child-custody determinations when a child has not been found to be dependent, delinquent, or in need of supervision:
“ ‘Under former law, “once a juvenile court obtain[ed] jurisdiction in any case involving a child,” ... “that court retained] jurisdiction over that case until the child reache[d] the age of 21 years or until the court, by its own order, terminate[d] that jurisdiction.” W.B.G.M. v. P.S.T., 999 So.2d 971, 973 (Ala.Civ.App.2008) (citing former §§ 12-15-32(a) & 26-17-10(e), Ala.Code 1975). Thus, under former law, “[w]hen a juvenile court ha[d] jurisdiction to make an initial child-custody determination, it retain[ed] jurisdiction over a petition to modify that custody judgment to the exclusion of any other state court until the child reache[d] 21 years of age or the juvenile court terminate[d] its jurisdiction.” Id. at 974....
“ ‘However, ... the Legislature has mandated a contrary rule as to custody cases filed after January 1, 2009:
““‘Act No. 2008-277, Ala. Acts 2008, replaces ... § 12 — 15—32[ ] with a new Code section, Ala. Code 1975, § 12-15-117, that limits a juvenile court’s retained jurisdiction to cases in which ‘a child has been adjudicated dependent, delinquent, or in need of supem *669 sion ’ (emphasis added [in W.B.G.M.])....”
“ ‘999 So.2d at 975 (Pittman, J., concurring specially). To like effect is § 12-15-114(a), which provides that although a juvenile court has original jurisdiction to decide an action alleging that a child is dependent, “[a] dependency action shall not include a custody dispute between parents.” The clear intent of the Legislature was to provide that the juvenile courts of this state should no longer be deciding custody disputes except insofar as their resolution is directly incidental to core juvenile-court jurisdiction (such as in original paternity actions, see Ala.Code 1975, § 26-17-104)....
“ ‘... To the extent that a juvenile court has properly made an initial custody award, or has properly modified a custody judgment under the statutory framework set forth in the main opinion in W.B.G.M., those judgments remain valid and enforceable notwithstanding [Ala.Code 1975, §§ 12-15-114 and 12-15-117]. Any such judgments would, however, be prospectively modifiable in Alabama only by the circuit courts, which are constitutionally constituted as “trial courts of general jurisdiction.” Ala. Const.1901, § 139(a) (Off.Recomp.).’ ”
K.C. v. R.L.P., 67 So.3d 94, 95-96 (Ala.Civ.App.2011) (quoting Ex parte T.C., 63 So.3d 627, 630-31 (Ala.Civ.App.2010)). See also B.L.R. v. N.M.N., 69 So.3d 868, 869-70 (Ala.Civ.App.2010).
The record in this case indicates that the parties and the juvenile court treated the father’s February 5, 2010, petition as a request to modify a prior custody determination. As explained above, pursuant to § 12-15-117, Ala.Code 1975, juvenile courts now retain jurisdiction to modify a previous custody determination only in cases in which a child has previously been found dependent, delinquent, or in need of supervision, which is not the case here. The “CS” designation from the previous custody judgment in 2004 shows that the custody of the child was determined as part of a child-support action. Accordingly, the juvenile court acted without jurisdiction in modifying the custody of the child. K.C., 67 So.3d at 95.
Because the juvenile court lacked subject-matter jurisdiction over the father’s custody-modification petition, the judgment from which the mother appeals is void. R.T. v. B.N.H., 66 So.3d 807, 812 (Ala.Civ.App.2011). “ ‘This court is required to dismiss an appeal from a void judgment.’ ” R. T., 66 So.3d at 812 (quoting Owens v. Owens, 51 So.3d 364, 367 (Ala.Civ.App.2010)). Thus, we dismiss the mother’s appeal, albeit with instructions to the juvenile court to vacate its void judgment. R.T., 66 So.3d at 812.
APPEAL DISMISSED WITH INSTRUCTIONS.
PITTMAN and BRYAN, JJ., concur.
THOMPSON, P.J., and THOMAS, J., concur in the result, without writings.