MOORE, Judge.
L.P. (“the father”) appeals from a judgment of the Tuscaloosa Juvenile Court (“the juvenile court”) to the extent that it denied his petition to modify the custody of D.W.P. (“the child”), his minor child with A.W. (“the mother”). We dismiss the appeal.
On April 7, 2010, the father filed in the juvenile court a “motion to modify child custody” requesting that the juvenile court award him primary physical custody of the child.[1] The father asserted, among other *1004 things, that the juvenile court had entered a judgment on May 23, 2003, awarding the parties joint legal custody of the child, subject to the father’s rights of visitation;[2] that, since the entry of that judgment, there had been a material change in circumstances affecting the welfare of the child in that the child had been “subjected to severe discord in the mother’s home which ha[d] occurred as a result of problems involving [the child’s] fifteen (15) year old half-sister”; that, because the mother works from 3:00 p.m. to 11:00 p.m., the mother leaves the child with the child’s maternal grandmother until the mother picks up the child around midnight; that the mother’s work schedule is not conducive to the best interest of the child; and that the father “is able to provide a stable and loving home environment for the minor child ... and that a change in custody would materially promote the welfare of the minor child.” Also on April 7, 2010, the father filed a motion requesting that a guardian ad litem be appointed to represent the interests of the child; the juvenile court granted that motion on May 18, 2010. The father also filed a motion requesting that the mother be held in contempt of court for not allowing him to exercise his visitation with the child and that the mother be ordered to pay a reasonable fee to his attorney for the attorney’s services in the contempt action. On May 4, 2010, the mother filed an answer to the father’s custody-modification petition; she also counterclaimed for a modification of the father’s child-support obligation. On May 14, 2010, the father filed a response to the mother’s counterclaim.
On July 13, 2010, the juvenile court entered a “Temporary Order” that stated:
“This matter came before the Court on July 13, 2010 for a hearing based upon allegations of the [father] that an emergency change of custody was needed pending a final hearing on his petition for modification of custody; and
“There being present in Court, [the mother], with her attorney ..., the [father], with his attorney ..., and [the guardian ad litem]; and
“Based upon the evidence presented, the Court entered the following orders:
“(1) The evidence presented was insufficient to warrant an emergency order modifying custody pending a final hearing in this matter.
“(2) The prior orders for custody, support, and visitation shall remain in full force and effect and unchanged pending a final hearing in this matter.”
Thereafter, following ore tenus proceedings on February 9, 2011, the juvenile court entered a final judgment on February 25, 2011, that, among other things, denied the father’s petition to modify custody and denied the mother’s counterclaim to increase the father’s child-support obligation. The father filed his notice of appeal to this court on March 11, 2011.
On appeal, the father argues that the juvenile court erred in denying his custody-modification petition. Initially, however, we must determine whether the juvenile court had jurisdiction to enter its February 25, 2011, judgment.
*1005 ‘“[A] lack of subject-matter jurisdiction is not subject to waiver by the parties, and it is our duty to consider a lack of subject-matter jurisdiction ex mero motu.’ Ex parte T.C., 68 So.3d 627, 630 (Ala.Civ.App.2010) (citing Ex parte Progressive Specialty Ins. Co., 31 So.3d 661, 662 n. 1 (Ala.2009)). In Ex paHe T.C., supra, we explained the recent change in the law regarding the juvenile court’s exercise of retained jurisdiction over child-custody determinations when a child has not been found to be dependent, delinquent, or in need of supervision:
“ ‘Under former law, “once a juvenile court obtained] jurisdiction in any case involving a child,” ... “that court retained] jurisdiction over that case until the child reache[d] the age of 21 years or until the court, by its own order, terminate^] that jurisdiction.” W.B.G.M. v. P.S.T., 999 So.2d 971, 973 (Ala.Civ.App.2008) (citing former §§ 12-15-32(a) & 26-17-10(e), Ala.Code 1975). Thus, under former law, “[w]hen a juvenile court ha[d] jurisdiction to make an initial child-custody determination, it retained] jurisdiction over a petition to modify that custody judgment to the exclusion of any other state court until the child reache[d] 21 years of age or the juvenile court terminatefd] its jurisdiction.” Id. at 974 ....
“ ‘However, ... the Legislature has mandated a contrary rule as to custody cases filed after January 1, 2009:
““‘Act No. 2008-277, Ala. Acts 2008, replaces ... § 12-15-32[ ] with a new Code section, Ala.Code 1975, § 12-15-117, that limits a juvenile court’s retained jurisdiction to cases in which ‘a child has been adjudicated dependent, delinquent, or in need of supervision ’ (emphasis added [in W.B.G.M.])....”
“ ‘999 So.2d at 975 (Pittman, J., concurring specially). To like effect is § 12-15-114(a), which provides that although a juvenile court has original jurisdiction to decide an action alleging that a child is dependent, “[a] dependency action shall not include a custody dispute between parents.” The clear intent of the Legislature was to provide that the juvenile courts of this state should no longer be deciding custody disputes except insofar as their resolution is directly incidental to core juvenile-court jurisdiction (such as in original paternity actions, see Ala.Code 1975, § 26-17-104)....
“ ‘... To the extent that a juvenile court has properly made an initial custody award, or has properly modified a custody judgment under the statutory framework set forth in the main opinion in W.B.G.M., those judgments remain valid and enforceable notwithstanding [Ala.Code 1975, §§ 12-15-114 and 12-15-117]. Any such judgments would, however, be prospectively modifiable in Alabama only by the circuit courts, which are constitutionally constituted as “trial courts of general jurisdiction.” Ala. Const.1901, § 139(a) (Off.Reeomp.).’ ”
K.C. v. R.L.P., 67 So.3d 94, 95-96 (Ala.Civ.App.2011) (quoting Ex parte T.C., 63 So.3d 627, 630-31 (Ala.Civ.App.2010)). See also B.L.R. v. N.M.N., 69 So.3d 868, 869-70 (Ala.Civ.App.2011).
The record in this case indicates that the parties and the juvenile court treated the father’s April 7, 2010, petition as a request to modify a prior custody determination. As explained above, pursuant to § 12-15-117, Ala.Code 1975, juvenile courts now retain jurisdiction to modify a previous custody determination only in cases in *1006 which a child has previously been found dependent, delinquent, or in need of supervision, which does not appear to be the case here. Accordingly, the juvenile court acted without jurisdiction in entering the February 25, 2011, judgment. K.C., 67 So.3d at 95.
Because the juvenile court lacked subject-matter jurisdiction over the father’s custody-modification petition, the judgment from which the father appeals is void. R.T. v. B.N.H., 66 So.3d 807, 812 (Ala.Civ.App.2011). “ ‘This court is required to dismiss an appeal from a void judgment.’ ” R. T., 66 So.3d at 812 (quoting Owens v. Owens, 51 So.3d 364, 367 (Ala.Civ.App.2010)). Thus, we dismiss the father’s appeal, albeit with instructions to the juvenile court to vacate its void judgment. R.T., 66 So.3d at 812.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The record reveals that the parties were never married. Although there is no indication in the record that paternity has ever been established, the father testified that he had been ordered to pay child support to the mother on behalf of the child. Additionally, the father’s custody-modification petition was assigned case no. CS-02-5523.04, which indi *1004 cates that the initial case between the parties was a child-support matter. See M.C. v. L.J.H., 868 So.2d 465, 467 (Ala.Civ.App.2003) (“ ‘CS’ number ... indicates a juvenile-court child-support matter”).

. The 2003 judgment entered by the juvenile court is not included in the record on appeal. The father did not assert in his modification petition that that judgment had awarded the mother physical custody; however, the parties behaved as if the mother had been awarded physical custody.