MOORE, Judge.
The Alabama Department of Mental Health (“the department”) appeals from a judgment of the Limestone Juvenile Court (“the juvenile court”) ordering that the legal and physical custody of E.C.J. remain with the department and further ordering that the juvenile court was retain *928 ing jurisdiction over E.C.J., pursuant to § 12-15-412, Ala.Code 1975. We dismiss the appeal.

Procedural History

On July 10, 2009, the juvenile court entered a judgment committing E.C.J., whose date of birth is February 6, 1992, and who was a minor at the time, to the custody of the department. Thereafter, the department placed E.C.J. at the William D. Partlow Developmental Center (“Partlow”). On February 1, 2011, the guardian ad litem for E.C.J. filed a “Motion for Immediate Review” alleging:
“1. That the undersigned has just been informed that the current juvenile commitment of [E.C.J.] at Partlow will expire on February 6, 2011.
“2. To the best of the undersigned’s knowledge, contingency plans for this event have not been finalized.”
On February 4, 2011, the department filed a “Notice of Expiration of Juvenile Court Involuntary Mental Commitment to the Alabama Department of Mental Health Pursuant to § 12-15-409 & § 12-15-410, Ala.Code 1975.” Citing §§ 12-15-115(c), 12-15-412, and 12-15-102(1), (3), and (18), the department asserted that the juvenile court’s commitment order would expire on February 6, 2011, upon E.C.J.’s reaching the age of majority. The department further asserted that it had been informed and believed “that the treatment professionals at [Partlow], the Department facility to which [E.C.J.] is currently confined and receiving care and treatment, recommend that she continue to reside there until otherwise recommended for discharge.” According to the department, “for [E.C.J.] to continue to receive care and treatment from Partlow, she will need to be admitted by virtue of a Legal Guardian’s custody, the Department of Human Resources’ ... custody or voluntarily consent to remain with Partlow for purposes of same given that she will be an adult on February 6, 2011.” The department requested that the juvenile court acknowledge that its commitment order would expire on February 6, 2011, and that the court provide the department “guidance on whether th[e] Court desires for [E.C.J.] to remain at Partlow (as is currently recommended by her treatment professionals) by virtue of legal custody vesting in [the Department of Human Resources] or otherwise, via delinquency, dependency, child in need of supervision, etc., that may have arisen with this Court before the minor’s 18th birthday.”
On March 25, 2011, the juvenile court entered a judgment in which it stated, in pertinent part:
“The parties discussed the issues previously presented to the Court regarding [E.C.J.] reaching her 19th birthday. The Court notes that [E.C.J.] was committed to the Department ... in July 2009. There has been no assertion by the Department ... that she has gained maximum benefit from Institutional treatment or no longer is in need of the services of the Department or has gained maximum benefit from the programs of the Department. On the contrary, in a report submitted to the Court dated February 15, 2011, the Department ... reported that her progress was only ‘fair.’ Upon consideration of the same, it is, therefore,
“ORDERED, ADJUDGED, and DECREED BY THE COURT that the legal and physical custody of [E.C.J.] shall remain with the Department....
“IT IS FURTHER ORDERED BY THE COURT that the Court retains jurisdiction over [E.C.J.] and this matter pursuant to § 12-15-412, Code of Alabama (1975).”
*929 (Capitalization in original.) On April 8, 2011, the department filed its notice of appeal.

Discussion

On appeal, the department argues that the juvenile court erred in retaining jurisdiction over E.C.J. and in ordering that the legal and physical custody of E.C.J. remain with the department after E.C.J. reached the age of majority.
“ ‘Juvenile courts are purely creatures of statute that have extremely limited jurisdiction.’ L.B. v. R.L.B., 53 So.3d 969, 972 (Ala.Civ.App.2010). A juvenile court’s jurisdiction to act extends only so far as authorized by the explicit terms of the empowering statute. See Ex parte K.L.P., 868 So.2d 454, 456 (Ala.Civ.App.2003). Therefore, the question whether a juvenile court has acted within its proper bounds depends on the meaning of the statute bestowing jurisdiction. See id. Discerning the meaning of a jurisdictional statute involves a pure question of law, which this court reviews de novo. See J.W. v. C.B., 68 So.3d 878, 879 (Ala.Civ.App.2011).”
Montgomery Cnty. Dep’t of Human Res. v. McDermott, 74 So.3d 455, 457 (Ala.Civ.App.2011).
As the department argues, § 12-15-115(a)(3), Ala.Code 1975, a part of the Alabama Juvenile Justice Act (“the Act”), Ala. Code 1975, § 12-15-101 et seq., provides, in pertinent part, that the juvenile court will exercise jurisdiction in “[proceedings for the commitment of a minor or child.” (Emphasis added.) Further, § 12-15-412, Ala.Code 1975, a part of the Act, provides: “The juvenile court committing any minor or child to the custody of the department shall retain jurisdiction over the minor or child so long as the minor or child is in the custody of the department regarding the original commitment.” (Emphasis added.)
Section 12-15-102(3), Ala.Code 1975, also a part of the Act, defines a “child” to include “[a]n individual under the age of 18 years, or under 21 years of age and before the juvenile court for a delinquency matter arising before that individual’s 18th birthday.” Section 12-15-102(18) defines a “minor” as “[a]n individual who is under the age of 19 years and who is not a child within the meaning of this chapter.” We agree with the department that, because E.C.J. was no longer a “minor or child” as defined by § 12-15-102, the juvenile court did not retain jurisdiction over her at the time it entered the March 25, 2011, judgment.
Moreover, as the department asserts, because a judgment may not extend further than the jurisdiction bestowed upon the juvenile court by the empowering statute, see McDermott, 74 So.3d at 457, the juvenile court’s July 10, 2009, commitment order necessarily expired when E.C.J. reached the age of 19. To hold otherwise would be tantamount to holding that a juvenile court may enter a binding mental-health commitment order relating to the treatment of an adult.
We note that other jurisdictions have reached similar results in somewhat different contexts. See, e.g., In re Appeal, in Maricopa County Juvenile No. J-86509, 124 Ariz. 377, 604 P.2d 641 (1979) (holding that any jurisdiction regarding a juvenile commitment terminates at the age of majority and any provision of the statute extending that authority beyond that age was unconstitutional); In re Carson, 84 Wash.2d 969, 530 P.2d 331 (1975) (upon motion of ward to declare that judgment of wardship entered by juvenile court expired upon ward’s reaching age of majority, court determined that juvenile court had jurisdiction over only minors and judgment *930 necessarily expired when jurisdiction was exhausted upon ward’s attaining age of majority). Although we acknowledge that some courts have concluded that a juvenile court may exercise jurisdiction beyond the state’s age of majority, those courts all relied on specific statutory language extending the scope of the jurisdiction of juvenile courts in specific situations. See, e.g., State v. Cassidy D., 52 Conn.Supp. 132, 29 A.3d 190 (2010) (because statute defined “child” as person who has violated a condition of probation in juvenile-delinquency proceeding, juvenile court retained jurisdiction to impose commitment order on individual who violated prior probation order although the individual had attained age of majority); In re Pittman, 315 So.2d 62 (La.Ct.App.1975) (holding that juvenile commitment order did not expire upon juvenile’s reaching age 18, state’s age of majority, because statute specifically provided that commitment orders could last until age 21). We have no doubt that the legislature could amend the Act to allow juvenile mental-health commitment orders to extend beyond the state’s general age of majority by enacting a specific statute to that effect; however, our legislature has specifically conditioned a juvenile court’s continuing jurisdiction over mental-health commitment orders on the minority status of the patient. Unless and until it changes that language to state an intent that minority status does not affect the juvenile court’s continuing jurisdiction, we hold that a juvenile court’s mental-health commitment order automatically expires upon the child’s reaching the age of majority.
The juvenile court erred in holding that its July 10, 2009, order remained in effect beyond E.CJ.’s 19th birthday and in entering a new judgment on March 25, 2011, expressly extending its jurisdiction. Because the juvenile court lacked jurisdiction when it entered the March 25, 2011, judgment, that judgment is void. L.P. v. A.W., 78 So.3d 1003, 1005 (Ala.Civ.App.2011). “This court is required to dismiss an appeal from a void judgment.” Owens v. Owens, 51 So.3d 364, 367 (Ala.Civ.App.2010). Accordingly, we dismiss the department’s appeal, albeit with instructions to the juvenile court to vacate its void judgment. L.P., 78 So.3d at 1006.
We also note that the Alabama Disabilities Advocacy Program (“ADAP”) has filed a brief to this court as an amicus curiae. In its brief, ADAP has raised several issues regarding the merits of the juvenile court’s judgment continuing the custody of E.C.J. with the department, which were not raised by the parties to this case. Because we have determined that the juvenile court lacked jurisdiction to continue the commitment of E.C.J. to the department or to enter its judgment, ADAP’s arguments are moot. Even if those arguments were not moot, we would not consider them because they were not raised by the parties to this case. Suttles v. Roy, 75 So.3d 90, 104-05 (Ala.2011) (“[Ajrguments raised by amici curiae and not argued by the parties to the case are not considered by this Court.”).
APPEAL DISMISSED WITH INSTRUCTIONS.
BRYAN, J., concurs.
THOMAS, J., concurs specially.
THOMPSON, P.J., dissents, with writing, which PITTMAN, J., joins.