THOMAS, Judge.
J.H. (“the mother”) and A.J. (“the father”) are the parents of J.J. (“the child”). The mother and the father were never married; however, the father exercised visitation and paid child support, apparently pursuant to a judgment resulting from a paternity case. In June 2009, the father exercised his visitation with the child. Because the mother had problems with her automobile at that time and because the child had exhibited several behavioral issues during the 2008-2009 school year, including being suspended from kindergarten, the mother and the father agreed that the child should spend the entire summer with the father. In addition, because the school that the child had attended during the 2008-2009 school year had closed, the mother agreed that the child should be enrolled the following year in the Huey-town school district by the father. Although she testified that the original agreement was for the child to attend only one semester at the Hueytown school, the mother said that she and the father had discussed the fact that moving the child in the middle of the school year would be disruptive to him and had concluded that the child should finish the year at the Hueytown school.
In September 2009, the father filed a petition in the Jefferson Juvenile Court seeking to have the child declared dependent and seeking custody of the child. He alleged that the mother did not have a stable residence, that the child slept on the floor at the mother’s residence, and that the mother provided the child only one meal per day. On October 15, 2009, the father sought an immediate hearing requesting that he be given temporary custody of the child because the Hueytown school system was requiring that the father prove that he had legal custody of the child. His motion was denied.
In January 2010, the father was awarded pendente lite custody. The mother filed a motion to reconsider the pendente lite order, which was denied on February 8, 2010, after a hearing. The mother’s motion indicated that she had not been served with the dependency petition at any time before she learned that the father had been awarded pendente lite custody by the juvenile court.
On September 1, 2010, after a hearing at which the juvenile court did not take testimony, the juvenile court entered a judgment declaring the child to be dependent and awarding custody of the child to the father. The mother was awarded specified visitation. The judgment indicated that the parents had agreed to the provisions of the judgment. The judgment further indicated that the case was set for a “Compliance/Dispositional Hearing” on November 30, 2010.
On November 30, 2010, the parties appeared for the review hearing. The order entered as a result of that hearing states: “Case was set for review this date. There being no agreement, the case must be *1030 reset for dispositional trial.” The case was set for a pretrial hearing to be held on April 26, 2011. The order entered after the pretrial hearing stated again that the parties had not reached an agreement, and the juvenile court set the case for trial to be held on May 11, 2011.
After the May 11, 2011, trial, the juvenile court entered a judgment awarding the father custody of the child, awarding the mother specific visitation rights, and ordering the mother to pay child support. The juvenile court’s judgment stated that the case was closed. The mother filed a timely postjudgment motion, which was denied, and she now appeals the judgment awarding the father custody.
On appeal, the mother argues that the father failed to meet his burden of proving that a material change in circumstances had occurred and that a change in custody would materially promote the welfare of the child. See Ex parte McLendon, 455 So.2d 863 (Ala.1984). Although she admits in her brief that the father filed a dependency petition regarding the child, she states that the juvenile court should have treated the dependency petition as a petition to modify custody. She relies on cases in which this court had previously stated that a juvenile court should consider an action to be a custody-modification action and not a dependency action if the record reflected “ ‘that the hearing relate[d] to custody rather than to dependency, or that the determination of dependency [was] only incidental to a custody determination.’” S.G. v. P.C., 853 So.2d 246, 248 (Ala.Civ.App.2002) (quoting B.S.L. v. S.E., 826 So.2d 890, 893 (Ala.Civ.App.2002)).
However, in light of the enactment of the current Alabama Juvenile Justice Act, Ala.Code 1975, § 12-15-101 et seq. (“the AJJA”), effective January 1, 2009, the continued viability of those decisions is in doubt. We have held that the legislature purposefully limited the continuing jurisdiction of the juvenile court over custody judgments not entered pursuant to a juvenile court’s delinquency, dependency, or child-in-need-of-supervision jurisdiction when it enacted the AJJA. See R.T. v. B.N.H., 66 So.3d 807, 811 (Ala.Civ.App.2011) (determining that a juvenile court lacks continuing jurisdiction to modify a custody determination entered in conjunction with a paternity determination); Ex parte T.C., 63 So.3d 627, 631 (Ala.Civ.App.2010) (construing the continuing jurisdiction of juvenile courts as being limited to those situations involving delinquent children, dependent children, or children in need of supervision); Ala.Code 1975, § 12-15-117(a) (stating that a juvenile court has continuing jurisdiction over a child if the child has been declared dependent, delinquent, or in need of supervision). Thus, had the father initiated the present action by filing a petition to modify custody instead of a dependency petition, the juvenile court would have lacked jurisdiction over the action.
Instead, the father filed a dependency petition, and the juvenile court clearly proceeded under its dependency jurisdiction. The allegations of the father’s petition were that the mother was unable to provide a stable home for the child, that the child did not have a bed to sleep in at the- mother’s home, and that the child was not being properly fed. Those allegations, if proven, were sufficient to establish the dependency of the child. “ ‘Once the dependency jurisdiction of a juvenile court has been properly invoked, the juvenile court has an imperative statutory duty to conduct an evidentiary hearing to determine the dependency of the child.’ ” T.K. v. M.G., 82 So.3d 1, 4 (Ala.Civ.App.2011) (quoting K.C.G. v. S.J.R., 46 So.3d 499, 501 (Ala.Civ.App.2010)), cert. *1031 quashed, Ex parte T.K., 82 So.3d 8 (Ala.2011).
The mother’s brief is devoted to her arguments that the juvenile court should have applied the custody-modification standard set out in Ex parte McLendon and that the father failed to meet his burden of proving that the child’s best interests would be materially promoted by a change in custody. She does not make any alternative argument regarding the dependency determination or the disposition of the child by the juvenile court. In fact, she states that “[t]he evidence presented ... could possibly support the decision of the trial court if this case were simply the disposition of a case involving a dependent child.” A juvenile court has discretion to make any custodial disposition of a dependent child that best serves the interest of that child. See Ala.Code 1975, § 12-15-314(a); K.F. v. Cleburne Cnty. Dep’t of Human Res., 78 So.3d 983, 989 (Ala.Civ.App.2011). Thus, because we have concluded that the father’s action was properly treated as a dependency action and because the mother makes no challenge to the juvenile court’s dependency determination or the disposition of the child pursuant to the juvenile court’s dependency jurisdiction, we affirm the judgment of the juvenile court determining that the child was dependent and awarding custody of the child to the father.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
MOORE, J., dissents, with writing.