MOORE, Judge,
dissenting.
I respectfully dissent. I agree that the juvenile court did not have continuing jurisdiction to modify the custody of the child. See R.T. v. B.N.H., 66 So.3d 807, 811 (Ala.Civ.App.2011). However, I do not agree that the juvenile court properly exercised its dependency jurisdiction to modify the custody of the child. As I set out at length in my dissent in T.K. v. M.G., 82 So.3d 1, 5 (Ala.Civ.App.2011), cert. quashed, Ex parte T.K., 82 So.3d 8 (Ala.2011), under Ala.Code 1975, § 12-15-114(a), a custody dispute between parents can no longer be decided under the dependency jurisdiction of the juvenile courts. By specifically declaring in § 12-15-114(a) that “[a] dependency action shall not include a custody dispute between parents,” the legislature plainly
“intended that a noncustodial parent cannot invoke the dependency jurisdiction of a juvenile court by filing a petition naming the custodial parent as a defendant, asserting the dependency of the child, and requesting a transfer of the custody of the child to the noncustodial parent.”
T.K, 82 So.3d at 7 (Moore, J., dissenting).
Moreover, although the petition filed by A.J., the father, formally alleged the dependency of the child, in that same petition the father asserted that he had been exercising physical custody of the child since June 2009 and that he was seeking legal custody of the child in order to assure that continued care. The father at least impliedly averred that, at the time he filed his petition, the child was receiving adequate care through him. That allegation, which was later proven to the satisfaction of the juvenile court, effectively negated any contention that the child was dependent because, in my opinion, as a matter of law, a child can be dependent only if neither parent can provide proper care. T.K., 82 So.3d at 6 (Moore, J., dissenting). I totally disagree with any statement in the main opinion suggesting that a child’s dependency may be established solely upon evidence that the parent with legal custody is not able or willing to provide proper care for *1032 the child. 86 So.3d at 1029-31. When a parent without legal custody can and, in fact, is providing proper care for a child, that child cannot be considered dependent because that child is not “in need of care or supervision” within the meaning of Ala. Code 1975, § 12-15-102(8).
J.H., the mother, argues that the juvenile court should have recognized that the father, in substance, was seeking to modify custody of the child and, therefore, that the court should have applied the custody-modification standai'd established in Ex parte McLendon, 455 So.2d 863 (Ala.1984). However, as I explained in my dissent in T.K, supra, the legislature has “overruled” prior caselaw upon which the mother relies that allowed juvenile courts to apply the McLendon standard to custody disputes disguised as dependency cases. 82 So.3d at 7 (Moore, J., dissenting). Under the new law, “the legislature has further clarified that such a dispute can no longer be decided by juvenile courts because the dispute lies outside their jurisdiction.” T.K., 82 So.3d at 7 (Moore, J., dissenting). Thus, this court cannot, as the mother requests, properly remand the case for application of the McLendon standard; instead, this court should dismiss the appeal as arising from a void judgment. T.K., 82 So.3d at 8 (Moore, J., dissenting).
I recognize that the majority of this court rejected my reasoning in T.K. and that the supreme court quashed the writ of certiorari filed in that case. However, the supreme court evidently followed that path because the parties did not provide a transcript of the trial and did not file briefs with the supreme court on the issue. Ex parte T.K., 82 So.3d at 9 (Murdock, J., concurring specially). Nothing in the supreme court’s action in quashing the writ of certiorari evidences any approval by that court of this court’s decision in T.K. Thus, until the supreme court declares otherwise, I will maintain my position that a juvenile court cannot exercise dependency jurisdiction over a custody dispute between parents, like the one at issue here.